GREEN, Judge,
delivered the opinion of the court:
This suit is begun to recover an amount alleged to be due for the operation of tank ships in the Government service, together with interest thereon.
*717 The evidence shows without dispute that the plaintiff had four hulls of tankers under construction in shipyards on the Pacific coast. The Government requisitioned these ships and title thereto passed to the Government. Subsequently the Government entered into written contracts with the plaintiff to transfer title to the completed vessels to the plaintiff upon completion thereof at the total construction price conditioned upon an agreement that the use of such tankers as the Government required should be granted to the Government under what was known as a requisition charter for the use thereof; with a further agreement that the plaintiff should accept the charter rate fixed by the Shipping Board as the rate for such hire. After reconveyance, under these arrangements, the use of one of these tankers, the J. E. O'Neill, was taken over for two voyages, and the use of another, the Herbert L. Pratt, for one voyage. The agreements for the O'Neill and the Pratt appear as Exhibits B and C of the amended petition, which include claims for managing and operating fees, charter hire, etc., arising by reason of the operation of these vessels under the contracts referred to. The correctness of plaintiff’s claim to the extent provided in the contracts is conceded and the only issue in the case is whether the plaintiff is entitled to interest thereon from the dates upon which the various items accrued.
It will be observed that the claim in suit is not one arising simply by the requisitioning of the hulls or the contracts under which they were constructed, although it grew out of this action on the part of the Government. The case arises upon the charter-party contracts to which we have before referred and which will hereinafter be considered.
These contracts, copies of which are attached to the amended petition, provided for the delivery of the vessels to plaintiff to be operated for the defendant. The contracts contained very particular provisions as to how the vessels should be operated, and with reference to the crew and equipment what should be furnished or provided by each party, the compensation that should be paid for the use of the vessels and their operation by the defendant, together *718 with a number of other specifications showing the contractual agreements between the parties, only one of which is necessary to mention here. It was provided that certain risks were assumed by the Government and that just compensation should be given for loss or damage caused through such risks with interest at sis per cent per annum.
It is contended in argument that the evidence shows that the plaintiff needed the vessels and that it could only obtain them by consenting to the terms imposed by the Government in these contracts. However this may be, we do not think it is material. The contracts define the obligations of the parties and, as we think, settle the case against the plaintiff by the following provision:
“In consideration of the compensation provided and the other obligations assumed by the United States hereunder, the owner accepts this Requisition Charter in full satisfaction of any and all claims he has or may have against the United States arising out of the Requisition, and accepts the compensation herein provided for as the just compensation required by law; * *
If this provision is enforceable the contract rates are all that plaintiff can recover under the general rules with reference to interest prevailing in this court. It is contended that this does not give the plaintiff just compensation, and the claim made by the plaintiff in the amended petition is in substance that these rates were unreasonably low and that as they were not paid when due, the plaintiff is entitled to receive damages for detention, or interest thereon. But we can not make a new contract for the plaintiff even if it has entered into a disadvantageous one. The terms of the paragraph above quoted are positive, unambiguous, clear, and plain. Under its provisions all claims of every nature arising out of the requisition are settled by the compensation provided therein which is to be accepted as the “ just compensation ” provided by law, which the plaintiff is presumed to know included interest. In order to sustain plaintiff’s claim we must strike out this provision or absolutely ignore it, although no reason is given why it is not enforceable.
As before stated, it is contended in argument that the evidence shows that plaintiff needed the vessels and could *719 only get them by consenting to the terms of these contracts. But the contracts can not be said to have been entered into through such compulsion or duress as to make them void simply because one of the parties is the sole and only person from whom the other can obtain property which it desires to use or rent, no matter how necessary that property is to the one contracting for it.
An examination of the decisions cited on behalf of the plaintiff will show that they are based upon very different facts than those in the case at bar and are therefore not authorities for plaintiff’s contention that interest should be allowed herein.
The case of Brooks-Scanlon Corp. v. United States, 265 U. S. 106, is not in point. In that case, as in the one at bar, the defendant requisitioned the contracts which the plaintiff held for the construction of certain vessels, but there was no subsequent contract between the parties, as there is in the instant case. Seaboard Air Line Ry. v. United States, 261 U. S. 299, was a condemnation case, and the Supreme Court held that the law required just compensation to be awarded and that this included interest. The case of Liggett & Myers Tobacco Co. v. United States, 274 U. S. 215, also cited by plaintiff, was one where the property of the plaintiff was requisitioned and the plaintiff under compulsion complied with the order of requisition but refused to agree to the price. In all of these cases there was a taking of property by the defendant, but there was no contract of settlement for such taking or requisition. In each case the suit was brought to recover just compensation for the taking which the Supreme Court held to be an exercise of the right of eminent domain. In this case the suit is brought upon a contract providing for a certain sum as compensation for the use of vessels, and the contract expressly excludes all claims that might arise out of the original taking or requisition. In the case at bar there was also a taking, but contracts were entered into under which the property taken was to be turned back and an agreed rate paid for the use thereof, which rate was also agreed to be just compensation. We think the situation in the cases cited by plaintiff was so different as *720 to prevent the application of the decisions therein to the questions involved in the case now under consideration.
The case in some respects is similar to that of the American Smelting & Refining Co. v. United States, 259 U. S. 75, 78, 79, wherein it was said:
“ It may be true that the claimant was yielding to the statute in a general way and did not discriminate between what it was required to yield and what it could reserve. But if it had desired to stand upon its legal rights it should have saved the question of the price. It did not do so, but on the contrary so far as appears was willing to contract and was content in the main with what was offered.”
The Supreme Court therefore held there was no duress and in the case at bar duress is not seriously claimed to have existed.
The Supreme Court also said in the case last cited:
“ But the petition is framed on the theory that there was no contract but a requisition under the above-mentioned act of June 3, 1916, c. 134, sec. 120, and that the claimant is entitled to just compensation by that section and by the fifth amendment to the Constitution. This we hold to be a mistake.”
So also we hold in this case that the theory that the suit is based on a requisition is a mistake and that the plaintiff is only entitled to recover on the contracts.
It is true that many years have elapsed since the contract price for the use of the vessels became due, but the amended petition was not filed until January 10, 1921. What has caused all of the delays we do not know, but the delay is not the fault of this court, for the case was promptly tried when ready and a decision reached with reasonable promptness. Apparently the case should have been tried years ago, in which event the amount of plaintiff’s loss of interest would have been but a small part of the amount for which it is now seeking to obtain judgment against the Government. To say the least, there is no more merit in plaintiff’s claim for interest than in other cases where under the statute we are obliged to deny that relief to parties who have held just claims against the Government for a long period.
*721 The case being based purely on contractual relations, it follows that a judgment can be rendered only for the amount provided by the contracts, without interest, for in such cases this court has no authority to render a judgment for interest. Our conclusion in this case is strengthened by the fact that the contracts provide “ in case of loss or damage due to the operation of a risk assumed by the United States, just compensation for such loss or damage, with interest at 6 per cent per annum,” shall be paid, which would tend to show that it was understood that interest was not otherwise to be paid. See New York & Porto Rico Steamship Co. v. United States, 29 Fed. (2d) 1014, a similar case in which interest was not allowed.
The amount due the plaintiff under the contracts in connection with the operation of the vessels is conceded to be $140,886.84, for which sum judgment will be rendered without interest.
Williams, Judge; LittletoN, Judge; Gkaham, Judge; and Booth, Ghief Justice, concur.