Littleton, Judge,
delivered the opinion:
Plaintiff brings this suit to recover compensation for the taking of its steamship Parthian in accordance with the terms of requisition charter No. 2 prepared by the defendant and duly executed by the plaintiff and the United States Shipping Board.
Plaintiff insists that under the plain terms of the charter it is entitled to compensation for the taking of its vessel at' the rate of $10 per deadweight ton per month from the date the vessel was taken by the defendant until the date on which it was redelivered. There is no question but that the contract between the parties expressly provided for the payment by the defendant of the compensation claimed by plaintiff.
The defendant, by its counterclaim, contends that the charter as entered into was contrary to the agreement of *262 the parties and seeks to have the court under its equity jurisdiction reform the contract entered into by striking from paragraph First thereof the provision that “provided, .however, that at the time of the requisition or at any time thereafter, on five days’ written notice, the United States may operate the vessel under the terms and conditions contained in the ‘ bare-boat form ’ hereto annexed, such operation to begin when the steamship is in a United States port,” and by striking therefrom any and all other parts found to be inconsistent with the true agreement of the parties, and by inserting such provision, or provisions, as may be necessary and proper fully to express the agreement of the parties as to the effect that the steamship should proceed from New York to' Bordeaux under a time form charter and upon arrival at its destination should be assigned to the French Government under the bare-boat form of charter.
Under the facts, we are of opinion that the plaintiff is entitled to recover compensation for the taking of its steamship Parthian at the rate of $10 per deadweight ton per month from August 25, 1918, to June 18, 1919, plus an operating commission of $2,533.80, which amount less the new revenues collected leaves the sum of $34,012.32 due the plaintiff by the defendant.
This court has equitable jurisdiction to reform a written instrument but the only rule of equity upon which this court might invoke such jurisdiction is the doctrine of mutual mistake and this principle has been applied in all of the decided cases. The facts in this case do not warrant the reformation of the contract. On the contrary, they establish that no agreement had been reached between the parties prior to the execution of the contract; that the plaintiff knew that the clause now sought to be substituted was not in the written contract when it executed the same, that it called the Shipping Board’s attention to the provisions of the charter twice before the Shipping Board executed the contract and that, notwithstanding this fact and after the Shipping Board had presumably taken legal advice, it executed the contract fully, freely, openly, and with full knowledge. Instead of show *263 ing a mutual mistake the facts show that both parties were fully informed and understood that which they were doing when they signed the contract. The letter of November 5, 1918, signed with the initials C. W. C. as acting director of operations, acknowledging receipt of plaintiffs letter of October 18, 1918, and the charter executed by the plaintiff, in which it was stated that the provision in the charter that the change from the time form to the bare-boat form shall take place in a United States port should be considered modified by reason of the fact that the vessel was actually placed under the bare-boat form from Bordeaux, is of no assistance to the defendant in its counterclaim since, with full knowledge of all these matters, the charter as originally written and executed by the plaintiff was approved and duly executed by the United States Shipping Board by its proper officials. The United States Shipping Board had the charter and all the facts concerning the same before it for about six weeks after execution by the plaintiff and no change was made in the original provision. Furthermore, the Shipping Board had before it when it executed the charter the written advice from the plaintiff, after it had called the Shipping Board’s attention to the provisions of paragraph 1, that “ the enclosed charter is, of course, executed by the owners for delivery on the express condition precedent that it shall become binding on them only after and when executed in due form and manner to bind the United States of America.”
It is worthy of note that the defendant did not call as a witness anyone representing the Shipping Board who had anything to do with the preparation, consideration, or execution of the charter. The defendant’s counterclaim is predicated upon an account constructed by auditors of the Shipping Board against the plaintiff in the light of the construction of the charter by such auditors about ten years after the execution of the charter. In the light of the facts there is no merit in defendant’s counterclaim.
The plaintiff claims interest, but since the suit is based upon a contract, interest may not be included in the judgment. Atlantic Refining Co. v. United States, 69 C. Cls. *264 713. New York & Porto Rico S. S. Co. v. United States, 29 Fed. (2d) 1014.
In view of our conclusion that plaintiff is entitled to recover under the terms of the charter executed by the parties compensation for the use of its vessel, it is not necessary to discuss the plaintiff’s other contentions.
Plaintiff is entitled to recover the amount of $34,012.32. It is so ordered.
Williams, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.
Whaley, Judge, did not hear this case and took no part, in its decision.