STATE OF NORTH CAROLINA, ON THE RELATION OF A. G. MYERS AND OTHERS, CONSTITUTING THE TRANSPORTATION ADVISORY COMMISSION, v. WILMINGTON-WRIGHTSVILLE BEACH CAUSEWAY COMPANY AND OTHERS.

(Filed 13 December, 1933.)

1. **Eminent Domain D b—Held: parties waived right to preliminary hearing by commissioners by stipulation entered in the trial of the cause.**

Where it is stipulated by the parties in condemnation proceedings that a hearing before commissioners appointed by the clerk under the provisions of C. S., 1716, should be waived, and judgment is rendered determining the amount of damages, and on appeal the Supreme Court affirms the judgment as to the compensation allowed and remands the cause for error in the exclusion of another element of compensation to which defendants are entitled, on the subsequent trial to determine the amount recoverable on such other element of compensation the parties are bound by the stipulation waiving a preliminary hearing by commissioners, and plaintiff's exception to the trial of the issue without such preliminary hearing will not be sustained.

**2. Eminent Domain D c—Expert testimony as to necessity for and reasonableness of expenditure made necessary by taking of lands held competent.**

In this condemnation proceeding it was adjudged that defendants were entitled to the amount reasonably required for the construction of a drawbridge made necessary in order for defendants to maintain their franchises by plaintiff's taking of other lands of defendants for an inland water-way. Defendants introduced an expert witness who testified that certain expenditures made by defendants were reasonable in amount and necessary to the construction of the bridge: *Held,* the testimony was competent for the purpose for which it was offered, and even if it should be held incompetent, its admission would not constitute reversible error.

**3. Eminent Domain C e—Defendant in condemnation proceedings may recover interest when it is a part of the damages sustained.**

Just compensation for the taking of lands includes all elements of damages, and where it is adjudged that defendant in condemnation proceedings was entitled to the amount reasonably expended for the construction of a drawbridge made necessary for the maintenance of defendants' franchises as public-service corporations by plaintiff's taking other lands of defendants for an inland water-way, an instruction that defendants were entitled to recover, as a part of the reasonable cost of constructing the bridge, the reasonable costs of necessary preliminary surveys, and interest on the amounts reasonably expended in the construction of the bridge from the time of their expenditure, *is held* without error.

APPEAL by plaintiff from *Devin, J.,* at April Term, 1933, of NEW HANOVER. No error.

This action was begun in the Superior Court of New Hanover County on 15 July, 1929.

On the facts alleged in the complaint, the plaintiff prays judgment: (1) that the plaintiff and the United States are the owners of the strip of land described in the complaint; that said strip of land is needed as part of the right of way for the Inland Waterway Canal, which is now under construction through the State of North Carolina, as authorized by an act of Congress, and that the plaintiff has the right to use said strip of land for that purpose without paying compensation therefor to the defendants; or (2) that if it be adjudged that the defendants, or either of them, have any interest in said strip of land, such interest be condemned, in order that plaintiff may take the same under the right of eminent domain conferred upon the plaintiff by statute, and that the amount of compensation therefor be determined as provided by law.

The defendants in their answers deny that the plaintiff or the United States is the owner of the strip of land described in the complaint. They allege that the defendants are the owners in fee of said strip of land, their respective interests being as set out in their answers. The defendants admit that plaintiff has the right to take the said strip of land,

under the right of eminent domain, but pray that the plaintiff be ordered to pay to defendants just compensation for the taking of said strip of land.

The action was first heard at September Term, 1929, of the Superior Court of New Hanover County by Grady, J. At this hearing the defendants moved that the action be dismissed on the grounds set out in their motion, which was in effect a demurrer *ore tenus* to the complaint, for that the facts stated therein are not sufficient to constitute a cause of action. The motion was denied. On defendants' appeal to the Supreme Court, the order of Judge Grady was affirmed. See 199 N. C., 169, 154 S. E., 74. Under this order, the plaintiff has entered into possession of the strip of land described in the complaint.

The action was next heard at May Term, 1931, of the Superior Court of New Hanover County by Midyette, J. At this hearing a trial by jury of the issues of fact raised by the pleadings was waived and, pursuant to the agreement of the parties, Judge Midyette heard evidence. On the facts found by Judge Midyette, it was adjudged and decreed that each of the defendants is entitled to just compensation for the taking of its interest in the strip of land described in the complaint, as of the date of the taking of the same by the plaintiff. It was ordered that the action be and the same was retained for the determination of the amount of compensation and of damages which the defendants are entitled to recover of the plaintiff.

The action was next heard at January Special Term, 1932, of the Superior Court of New Hanover County, by Barnhill, J. At this hearing a trial by jury of the issue then involved in the controversy was waived and, pursuant to the agreement of the parties, Judge Barnhill heard the evidence pertinent to such issue, which was as follows:

"What amount are the defendants entitled to recover of the plaintiff as compensation for the lands taken and condemned for a right of way for the Inland Waterway Canal over and across the lands of the defendants?"

On the facts found by Judge Barnhill, it was ordered and adjudged that the defendants recover of the plaintiff, as just compensation for the lands taken by the plaintiff and the easement imposed thereon, the sum of $21,840.34, with interest from 4 November, 1930, and the costs of the action. Judge Barnhill was of the opinion that the defendants are not entitled to recover of the plaintiff, as an element of the compensation to be paid to them by the plaintiff, the cost of the construction of the drawbridge, which they were required to construct over and across the canal, in order to maintain their franchise as public-service corporations, and for that reason declined to consider such cost in determining the amount of such compensation.

On defendants' appeal from the judgment of Judge Barnhill, it was held by the Supreme Court that there was error in his refusal to consider the evidence tending to show the reasonable cost of said drawbridge, and to include such cost in the amount of the judgment. Because of such error, the action was remanded to the Superior Court of New Hanover County in order that the reasonable cost of the construction of the drawbridge might be determined by said court, and when determined, included in the judgment. See 204 N. C., 260, 167 S. E., 858.

The action was next heard at April Term, 1933, of the Superior Court, by Devin, J. At this hearing Judge Devin ruled that both plaintiff and the defendants had waived the right to have the reasonable cost of the construction of the bridge determined by commissioners, to be appointed by the clerk, under the provisions of the statute, but that neither of the parties had waived the right to have such cost found by a jury. In accordance with this ruling, a jury was empaneled. An issue was thereupon submitted to the jury, as follows:

"What amount are the defendants entitled to recover of the plaintiff for the reasonable expense of the construction of the bridge over the right of way of the Inland Waterway Canal?"

Evidence pertinent to this issue was offered by both the plaintiff and the defendants, and after the charge of the court, the issue was answered as follows: "$89,166.67, with interest."

Thereupon judgment was rendered, as follows:

"This cause having come on to be heard, and being heard before the undersigned judge and a jury at the April Term, 1933, of the Superior Court of New Hanover County, and having been tried in accordance with the decision of the Supreme Court duly reported in the 204th North Carolina Report, at page 260; and it appearing to the Court that at a former trial of this cause Judge Barnhill entered judgment herein in favor of the defendants, Tidewater Power Company and the Wilmington-Wrightsville Beach Causeway Company, and against the plaintiff, for the sum of $21,840.34, with interest from 4 November, 1930, and that said judgment has been affirmed by the Supreme Court of North Carolina, and that that Court ordered and directed that the action be remanded to the Superior Court of New Hanover County for trial to the end that the reasonable cost of the drawbridge might be added thereto, and the court having submitted an issue to the jury as to what the reasonable cost of the drawbridge was, and the jury having returned its verdict in the amount of $89,166.67, with interest, as follows:

" 'What amount are the defendants entitled to recover of the plaintiff for the reasonable expense of the construction of the bridge over the right of way of the Inland Waterway?' Answer: '$89,166.67, with interest.'

"And it appearing to the court from the uncontradicted evidence that the construction of said bridge was completed, and the bridge opened for traffic, on 11 June, 1931, and the court being of the opinion and having charged the jury that interest on said amount might be allowed from said date;

"And it further appearing to the court that this action was brought by the plaintiff under and in pursuance to the provisions of chapter 44 of the Public Laws of North Carolina, 1927, as amended by chapter 4, Public Laws of 1929;

"And it further appearing to the court that under said acts it is declared that the compensation so awarded shall be a valid claim against the State of North Carolina, and that such compensation shall be paid in accordance with the provisions of said statute;

"It is, therefore, on motion of counsel for the defendants, ordered, considered, adjudged, and decreed:

"1. That the judgment rendered and filed by Judge M. V. Barnhill on or about 27 February, 1932, as set out in the opinion of the Supreme Court of North Carolina, to the effect that the defendants recover of the plaintiff the sum of $21,840.34, with interest from 4 November, 1930, be affirmed in accordance with the opinion of the Supreme Court of North Carolina.

"2. That, in addition to said judgment, the defendants, Wilmington-Wrightsville Beach Causeway Company and Tidewater Power Company, recover of the State of North Carolina, and of the plaintiff, as the representative of the said State, the sum of $89,166.67, with interest on said sum from 11 June, 1931, and the costs of this action, to be taxed by the clerk of this court.

"3. That in accordance with the terms of said statute, this judgment shall be and is hereby declared to be a valid claim against the State of North Carolina."

From the said judgment the plaintiff appealed to the Supreme Court.

*Bryan & Campbell for plaintiff.*

*Thos. W. Davis, L. J. Poisson, Geo. Rountree and J. O. Carr for defendants.*

CONNOR, J. When this action was called for trial in the Superior Court of New Hanover County, at April Term, 1933, Judge Devin ruled that both the plaintiff and the defendants had waived a hearing by commissioners to be appointed by the clerk under the provisions of C. S., 1716, of the only matter then to be tried in accordance with the decision of this Court on defendants' appeal from the judgment at January Special Term, 1932. See 204 N. C., 260, 167 S. E., 858. The

plaintiff excepted to this ruling, and on its appeal to this Court assigns same as error.   This assignment of error is not sustained.

This action was begun by the plaintiff in the Superior Court of New Hanover County primarily to recover judgment that plaintiff, by virtue of the provisions of chapter 44, Public Laws of North Carolina, 1927, as amended by chapters 4 and 7, Public Laws of North Carolina, 1929, had the right to take possession of the strip of land described in the complaint, without paying compensation therefor to the defendants, who were then in possession thereof, claiming title thereto; and, secondarily, if it should be adjudged that plaintiff had no right to take possession of said strip of land, without paying compensation therefor, to recover judgment that plaintiff had the right to take possession of said strip of land, upon the payment to the defendants of just compensation for the same.   In the latter event, plaintiff prayed that the amount of such compensation be determined as provided by law.   It was adjudged at the hearing before Judge Midyette that plaintiff had the right to take possession of said strip of land, but that defendants, as the owners of the same, were entitled to just compensation therefor.   Thereafter, the only issue to be tried involved the amount of compensation and damages which the defendants were entitled to recover of the plaintiff.   This issue was tried by Judge Barnhill, at January Special Term, 1932. At this trial it was expressly stipulated by the parties to the action that the issue should be tried by the court, and not by a jury, and that "failure to have a hearing before commissioners, and all other omissions and irregularities in the preliminary proceedings were likewise waived."   By reason of this stipulation, there was no error in the ruling of Judge Devin that both the plaintiff and the defendants had waived the right, if any they or either of them had, to a preliminary hearing by commissioners of the issue involving the amount of compensation to which the defendants were entitled for the taking of their property by the plaintiff.

Whether the waiver of trial by jury and the agreement that the issue should be tried by the court made at the hearing before Judge Barnhill was binding on the parties at the subsequent hearing before Judge Devin need not be decided.   The defendants did not insist that the issue should be tried by the court, or except to the submission of the issue to a jury.

During the progress of the trial the plaintiff excepted to rulings by the court on its objections to certain testimony of an expert witness, which was offered by the defendants as evidence tending to show that certain expenditures made by the defendants in the construction of the bridge over and across the Inland Waterway Canal were reasonable in amount, and required for the construction of said bridge.   Assignments of error based on these exceptions cannot be sustained.   The testimony

was competent for the purpose for which it was offered and submitted to the jury. Even if it should be held otherwise, its admission could not be held as reversible error, for which a new trial should be ordered.

After a full and lucid statement of all the matters involved in the issue, the court instructed the jury as follows:

"So it is necessary for you to find from the evidence, by the greater weight of the evidence, what was the amount reasonably expended by the defendants in the construction of the bridge over the right of way of the Inland Waterway, or canal, in order to maintain their respective franchises as public-service corporations, and to preserve the value of their property not included in the right of way.

"This would include not only the amount reasonably expended for materials and labor that went into the construction of the drawbridge, but would also include preliminary expenses, reasonably and necessarily incurred, and reasonable expenses for engineering, plans, supervision, and inspection costs, and the costs of putting cable underground for the operation of the drawbridge machinery, and compensation for the amount reasonably expended in the construction of the drawbridge; it would also include interest on the money expended by the defendants during the construction of the drawbridge as an item of expense in the construction of the drawbridge from the time such expenditures began in November, 1930, until the completion of the drawbridge on 11 June, 1931."

Assignments of error based on plaintiff's exceptions to this instruction cannot be sustained.

In *Seaboard Air Line Railway Company et al. v. United States*, 261 U. S., 299, 67 L. Ed., 664, it is said: "The requirement that 'just compensation' shall be paid is comprehensive, and includes all elements, and no specific command to include interest is necessary when interest, or its equivalent, is a part of such compensation."

A careful examination of the record discloses no error in the trial of this action. The judgment is affirmed.

No error.