Connors, Thomas A., J.
The plaintiffs were the owners of land in the Towns of Groton and Dunstable which was taken by eminent domain on June 29,2001 for purposes of the construction of the Groton-Dunstable Regional High School. The plaintiffs contested the amount of the pro tanto offer of $1,800,000.00 for the property taken made by the defendant Groton-Dunstable Regional School District.
The case was tried to a juiy which entered its verdict valuing the property taken at $4,138,000.00. Judgment was entered on June 24, 2005 in the amount of $2,338,000.00, representing the difference between the jury’s finding and the pro tanto amount, plus interest in the sum of $203,372.69 from the date of the taking calculated pursuant to G.L.c. 79, §37. The plaintiffs have filed this motion which seeks to increase the amount of the interest awarded, arguing that the rate of interest provided for by the statute was unjust and unreasonable and amounted to an unconstitutional deprivation of properly.

Ruling

A party prevailing in an action brought under G.L.c. 79 for damages resulting from the taking of properly under power of eminent domain is entitled to interest upon that award. The statute sets forth a rate of interest to be awarded on any such judgment which is not fixed, but instead is based upon the average yield for debentures of the United States government for the preceding year. C. 79, §37.
Case law has recognized that circumstances may exist in which the rate of interest provided may be inadequate to compensate an aggrieved landowner for the period of delay between the date of taking and the date of the land damages award; in such circumstances, that inadequacy maybe so great as to amount to a further “taking” in itself, and may implicate constitutional considerations. Seabord Air Line Ry. v. United States, 261 U.S. 299, 306 (1923). Verrochi v. Commonwealth, 394 Mass. 633, 636-37 (1985). The burden rests upon the plaintiffs to establish that the statutoiy rate violates their rights to just compensation under the Fifth Amendment of the Constitution of the United States and under Article 10 of our Declaration of Rights. M.B. Claff Inc. v. Mass. Bay Trans. Authority, 59 Mass.App.Ct. 669, 675 (2004). Further, the statutoiy rate set by the legislature enjoys a presumption, which maybe rebutted, of constitutional propriety. Liberty Square Development Trust v. City of Worcester, 441 Mass. 605, 612 (2004).
The plaintiffs argue that the interest rate which existed at the time of their damage award, which stood at an effective annual rate of 2.18%, falls to meet the standard of constitutional reasonableness. In support, they have submitted an affidavit of John W. Wieland, the managing director of an investment business, who has averred that a prudent investor in a risk-free market vehicle could have expected a return of between 4.81% and 5.84% during that period. The defendant does not dispute the specifics of the plaintiffs’ proffer as to the availability of investment alternatives returning higher yields, but instead argues that the plaintiffs have failed to establish any claim of deprivation of interest which rises to a constitutional dimension. Additionally, the defendant asserts that the plaintiffs are barred procedurally from pursuing the claim for higher interest for failure to have raised the issue at trial.
The procedural challenge raised by the defendant has some basis in case law. It is true that the Supreme Judicial Court has stated that given its underpinnings as a matter of constitutional law, the ultimate determination as to adequacy of compensation for delay in payment of land damages is a “judicial function.” Liberty Square Development Trust v. Worcester, 441 Mass. At 611-12. Notwithstanding this, however, the Court made plain in a decision issued on the same day that the question of whether an interest rate higher than that called for in §37 is required presents an issue of fact. M.B. Claff, Inc. v. MBTA, at 601. The Court in Claff dealt with a challenge to the adequacy of prejudgment statutoiy interest raised by a plaintiff after trial. The Court rejected a contention that its earlier decision in Verrochi v. Commonwealth, supra implied that a post-verdict motion was the appropriate means for raising such a claim, noting that that case had involved a narrower legal issue of the retroactive application of a legislative increase in the statutoiy interest rate which had become effective during the pendency of a post-verdict appeal. Claff, Inc. v. MBTA, 441 Mass. at 600-01.
The decision in Clcff does not give definitive guidance as to the necessity for raising issues concerning the inadequacy of statutoiy interest at trial. Instead, it decided the case on the narrower grounds that even *507 assuming the issue of constitutional sufficiency of interest under §37 permissibly could be raised post-trial, the motion brought by the plaintiff pursuant to Rule 60(a) and Rule 60(b)(6) was inadequate for the task. Id.., at 602.
The language contained in the Claff decision calls into question whether the post-trial motion brought by the plaintiffs in the present case was one which, as an issue of fact, should have been raised earlier. The opinion cites decisions from other jurisdictions which have ruled that the issue is a matter to be proven at trial; United States v. 100 Acres of Land, 468 F.2d 1261, 1269-70 (9th Cir. 1972), cert. den. 414 U.S. 822, 864 (1973); King v. State Rds. Comm’n., 298 Md. 80, 93-94 (1983); it also cites numerous cases in which it has been ruled that matters relating to adequacy of statutory interest rates in eminent domain cases may be resolved in proceedings separate from trial; United States v. Blankinship, 543 F.2d 1272, 1274 (9th Cir. 1976), United States v. 97.19 Acres, 511 F.Sup. 565 (D.Md. 1981); United States v. 319.46 Acres of Land, 508 F.Sup. 288 (W.D.Okla. 1981); State v. Jim Lupient Oldsmobile Co., 509 N.W.2d 532, 535-36 (Minn. 1993); Matter of the City of New York, 58 N.Y.S.2d 532, 535-36 (1983); In re Washington Heights-Highbridge Park Community Development Area, 82 Misc.2d 557 (N.Y.Sup. 1975); cited in Claff Inc. v. MBTA, at 601-02. The plaintiffs filing of a motion seeking to challenge the statutory interest some three weeks after the verdict is criticized in the Claff decision, as the Court notes that the plaintiffs in Verrochi, the case upon which the plaintiff in Claffrelied, had raised that issue on the same day as the return of the jury’s verdict. Id. at 601 n.6. While, again, the decision does not offer definitive guidance, its language may be read as supporting the defendant’s contention that the plaintiffs motion to amend judgment, filed several weeks after trial, is not a legally effective means to challenge the adequacy on a constitutional basis of an award of interest at the rate provided pursuant to §37.
Even were the plaintiffs barred from recovery of interest in excess of that provided by the statute on procedural grounds, their claim would fail as a matter of substantive law. As stated earlier, a legislature’s assessment as to adequate prejudgment interest for damages from a taking by eminent domain is presumptively reasonable. Liberty Square Dev. Trust v. Worcester, 441 Mass. 612. Further, the Supreme Judicial Court has noted that the legislature’s amendment of §37 in 1993 made provision for a rate of interest on eminent domain awards which is tied into a fluctuating market rate. Id., at 616-17. That decision, in citing several instances in which courts have found a statutory interest rate to be constitutionally inadequate, noted that these involved flat rates of interest which, in contrast to the present version of §37, did not take into account market fluctuation. Id., at 615.
The plaintiffs bear the burden in the present case of establishing that the rate of interest provided in §37 is “significantly or substantially lower than what would meet the constitutional minimum.” Id., at 612 citing Tucson Airport Auth. v. Freilich, 136 Ariz. 280, 284 (1983). The market-sensitive rate which the legislature has provided for in §37 meets that test on the facts of this case. The plaintiffs argue that the disparity between the effective yield of that rate and the rate cited by their expert, Wieland, which amounts to between 2.63% and 3.66%, is sufficient to trigger rejection of use of the statutory rate on constitutional grounds. However, a “reasonable” interest rate for constitutional purposes does not represent one precise rate, but rather a range of figures. Liberty Square Dev. Trust v. Worcester, 441 Mass. at 612. On these facts, the disparity between the rate reached by application of the statute with its built-in recourse to a non-fixed market-driven index and that alluded to by the plaintiffs’ expert is not sufficient to require allowance of the plaintiffs’ motion.

Order

The plaintiffs’ motion to amend judgment to provide for a rate of interest on their judgment in excess of that provided by G.L.c. 79, §37 is Denied.