# UNITED STATES *v.* ROGERS ET AL.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 147. Argued January 17, 18, 1921.—Decided February 28, 1921.

1. In a proceeding to condemn land, the owner is entitled, as part of his just compensation, to interest on the confirmed award from the time when the Government took actual possession. P. 169.

2. Assuming that the local state rate of interest is not binding, there was no objection to adopting it (6 per cent.) in this case. *Id.*

257 Fed. Rep. 397, affirmed.

THE case is stated in the opinion. The judgment below affirmed a judgment of the District Court.

*Mr. Assistant Attorney General Garnett*, with whom *Mr. Assistant Attorney General Nebeker* and *Mr. Charles S. Lawrence* were on the brief, for the United States:

The United States is not contractually bound for interest except by express agreement. The implied promise is to pay the value of the property as of date of the taking, without interest. An obligation to pay interest is not implied. *United States* v. *North American Transportation Co.*, 253 U. S. 330.

While obligation to pay interest may be imposed by statute, there is no federal legislation justifying addition of interest as such to this award.

No authoritative case has been found holding that the United States has adopted the local code in respect of matters of substantive law. The quantum of compensation due for expropriation of land is a matter of substance. It is essentially a federal question, to be determined upon construction of the Constitution and the statutes of the United States and by independent application of general principles of jurisprudence thereto. *Carlisle* v. *Cooper*, 64 Fed. Rep. 472; *High Bridge Lumber Co.* v. *United States*, 69 Fed. Rep. 320; *Nahant* v. *United States*, 136 Fed. Rep. 273; *United States* v. *O'Neill*, 198 Fed. Rep. 677, 680, 682; *Latinette* v. *St. Louis*, 201 Fed. Rep. 676, 678; *Kanakanui* v. *United States*, 244 Fed. Rep. 923; *United States* v. *Forbes*, 259 Fed. Rep. 585, 594. *Cf.* also: *Kohl* v. *United States*, 91 U. S. 367; *Chappell* v. *United States*, 160 U. S. 499, 509, 512–514; *In re Secretary of the Treasury*, 45 Fed. Rep. 396; *United States* v. *Certain Land in New Castle*, 165 Fed. Rep. 783, 786–7; dissenting opinion *United States* v. *Sargent*, 162 Fed. Rep. 85. *Contra: United States* v. *Engeman*, 46 Fed. Rep. 898; *Hingham* v. *United States*, 161 Fed. Rep. 295, 300; *United States* v. *Sargent*, 162 Fed. Rep. 81.

The language of § 2 of the Act of August 1, 1888, is modal and directory and but carries over into condem-

nation proceedings the similar provision found in § 914, Rev. Stats. It was designed to bring about conformity to state practice, and has no reference to substantive rights or obligations.

Section 721, Rev. Stats., adopting state laws as rules of decision in the federal courts in cases where they apply, does not oblige the United States to pay interest made legal by New Mexico, because her laws do not (even if they purport to do so) confer on the United States power to expropriate land within her borders. *Nahant* v. *United States*, 136 Fed. Rep. 273, 276. Substantive rights and obligations springing from federal laws even when, as suitor, the Government asserts them in its courts, are not subject, because of § 721, to either express or implied limitation or definition by state authority. *Carlisle* v. *Cooper*, 64 Fed. Rep. 472, 474; *Dollar Savings Bank* v. *United States*, 19 Wall. 227, 237, 240; *United States* v. *Herron*, 20 Wall. 251, 255, 260; *United States* v. *Thompson*, 98 U. S. 486. *Cf. Billings* v. *United States*, 232 U. S. 261, 284.

It is not only well recognized that the United States is not obliged to pay interest except under express contract or statute (*United States* v. *North Carolina*, 136 U. S. 211), but, furthermore, no sovereign State is bound to pay interest because payment of its obligations has been delayed. Interest as damages for detention of money (though sometimes recoverable from individuals) cannot be added to obligations of the United States. *United States* v. *Sherman*, 98 U. S. 565; *Angarica* v. *Bayard*, 127 U. S. 251, 260; *United States* v. *Verdier*, 164 U. S. 213, 218, 219.

In the absence of proof that a sum equal to six per cent. on the award was the equivalent of actual damage sustained by occupation prior to the award, the court erred when, of its own motion and without submitting the matter to the commission, it entered the order of October 1, 1917, directing deposit of interest.

166     . OCTOBER TERM, 1920.

Argument for the. United States.     255 U. S.

It is also clear that if the matter had been submitted
to the commissioners it would have been error to instruct
them that, as matter of law and without further proof,
they might add interest at the fixed rate of six per cent.
as the equivalent of or in lieu of damages actually due
the landowner for loss of possession.

When interest at a fixed rate is added to the award
as a legal right, it is in substance and effect precisely,
the same thing as allowance of interest as damages for
delay in paying for the land.   Since it is evident the statu-
tory rate of interest on loaned money is not always or
often the standard by which rental value—the actual
loss—can be justly estimated, plainly the consideration
which induced its application in this case was that it was
thought right to add interest for the detention of the
price of the land.  But this, however just in the abstract,
cannot be done in respect of a payment delayed by the
Government,

Assuming that it would be just to allow it, it does not
appear from the record that any effort was made before
the commission or elsewhere to prove rental value or
other actual loss suffered.   The burden of proving his
losses is on the landowner.   2 Lewis Em. Dom., 3rd ed.,
§ 645, pp. 1112–1115; 2 Nichols Em. Dom., 2nd ed., § 432,
pp. 1138–1140.

It should be noted that at any time after April 19, 1912,
the landowner might have sued the United States under
§ 145 or § 24 (par. 20), Jud. Code, treating, as he might,
the flooding as an expropriation vesting title to the land
in the Government and vesting in him, eo instanti, a right
of action on implied contract. *United States* v. *North
American Transportation Co., supra.*

*Mr. George S. Downer,* for defendants in error, sub-
mitted. *Mr. W. C. Reid* and *Mr. J. M. Hervey* were also
on the brief.

MR. JUSTICE DAY delivered the opinion of the court.

The United States brought an action January 18, 1915, in the District Court of the United States for New Mexico, to condemn lands of the defendants in error for reclamation purposes. 32 Stat. 388. Condemnation proceedings to acquire real estate for Government uses and public purposes under judicial process are regulated by the Act of August 1, 1888, c. 728, 25 Stat. 357.

Section 2 of the act provides that the practice, pleadings, forms and modes of proceedings in causes arising under the provisions of the act shall conform, as near as may be, to the practice, pleadings, forms and proceedings existing at the time in like causes in the courts of record in the State within which such circuit or district courts are held.

The petition averred the necessity of appropriating the lands in question; that the Secretary of the Interior had determined to acquire the defendants' real estate; that at the date of the completion of the work lands of the defendants were flooded, and thereby appropriated by the United States under the authority of the acts of Congress; that the owners received no compensation; that necessary funds were available to pay any damages which might be awarded defendants. The petition prayed that the court appoint commissioners to assess the damage which the owners had sustained in consequence of the taking and appropriation of their lands, and that upon payment of the amount assessed the lands be decreed to be the property of the United States from the date of the appropriation thereof.

The award of the commissioners was filed February 3, 1917, and an order was entered July 27, 1917, directing that the sums awarded be deposited, and distributed for the benefit of the owners. Subsequently the owners made a motion for a supplemental order requiring the

United States to deposit sums equal to 6 per cent. interest on the awards calculated from April 19, 1912, the time when the lands were taken by flooding the same. The court made an order requiring the deposit of the additional sum, to which order the United States excepted, and prosecuted a writ of error from the Circuit Court of Appeals of the Eighth Circuit, where the judgment of the District Court was affirmed. 257 Fed. Rep. 397.

It appears that the allowance of interest was from the time of the actual taking of the land to the time deposit was made in payment for the same.

The questions upon which the case was taken to the Circuit Court of Appeals appear from the assignments of error, and are: (1) That the District Court erred in awarding interest against the United States from April 12, 1912, to date of deposit of the awards in court, for the reason that interest cannot properly be allowed in a condemnation case against the United States for any period prior to date of final judgment; (2) that the District Court erred in awarding interest against the United States from April 19, 1912, to date of deposit of awards in court, for the reason that interest cannot properly be allowed in a condemnation case against the United States for any period prior to date of the order of the court placing the United States in possession of the lands condemned; (3) that the District Court erred in awarding interest at the rate of 6 per cent. per annum against the United States from April 19, 1912, to date of deposit of awards in court, for the reason that there is no authority of law for allowing interest at said rate on judgments against the United States.

As we are reviewing the judgment of the Circuit Court of Appeals, the assignments of error in that court are the ones open here, and it is evident from what we have said that the question in substance comes to this: Was there error in awarding the owners interest on the value

of their lands appropriated from the time of actual tak-' ing of the same until compensation was made?

It is unquestionably true that the United States upon claims made against it, cannot, in the absence of a statute to that end, be subjected to the payment of interest. *Angarica* v. *Bayard,* 127 U. S. 251, 260; *United States* v. *North Carolina,* 136 U. S. 211, 216, cited and approved in *National Volunteer Home* v. *Parrish,* 229 U. S. 494, 496. In the present case the landowners did not sue upon a claim against the Government, as was the fact in *United States* v. *North American Transportation & Trading Co.,* 253 U. S. 330. The Government was seeking for purposes authorized by statute to appropriate the lands, and it had actually taken them, and had deprived the owners of all beneficial use thereof from the date from which the allowance of interest ran.

Having taken the lands of the defendants in error, it was the duty of the Government to make just compen-sation as of the time when the owners were deprived of their property. *Monongahela Navigation Co.* v. *United States,* 148 U. S. 312, 341.

In fixing the compensation, the District Court, and the Circuit Court of Appeals in affirming the judgment, followed the New Mexico statute fixing the rate of interest at 6 per cent. This was in conformity with a former ruling of the Circuit Court of Appeals applying the statutes of Minnesota to lands appropriated in that State. *United States* v. *Sargent,* 162 Fed. Rep. 81.

The Government urges that the Conformity Act of August 1, 1888, does not require the United States Govern-. ment to be bound by the rule of the state statute in the allowance of interest. This may be true, but we agree with the courts below that the allowance of just compen-sation by giving interest from the time of taking until payment is a convenient and fair method of ascertaining the sum to which the owner of the land is entitled. The

fact, that the rule is in harmony with the policy of the State where the lands are situated does not militate against but makes for the justice and propriety of its adoption. *United States* v. *Sargent, supra.*

We find no error in the judgment of the Circuit Court of Appeals, and the same is

*Affirmed.*