# SEABOARD AIR LINE RAILWAY COMPANY ET AL. *v.* UNITED STATES.

## ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 407.   Argued January 23, 1923.—Decided March 5, 1923.

1. In an action against the United States under § 10 of the Lever Act, to recover just compensation for property requisitioned for public use, the owner is entitled to judgment for the value of the property as of the time of the taking and for so much in addition as will produce a full equivalent of that value, paid contemporaneously with the taking.  P. 304.
2. This additional amount may be measured by allowing interest at a proper rate; and the legal rate in the State where the property lies may be applied for this purpose if fair and reasonable.  P. 305.
3. The just compensation to which the owner is entitled depends on the Constitution and cannot be restricted by statute, and its ascertainment is a judicial function.  P. 304.
4. The rule disallowing interest against the United States in the absence of a stipulation or statute, is inapplicable to an action, not based on contract or any mere claim or accounting against the Government, but which is part of a proceeding initiated by the United States for the condemnation of property and seeks ascertainment and payment of just compensation for it.  P. 306.

280 Fed. 349, reversed.

ERROR to a judgment of the Circuit Court of Appeals reversing a judgment of the District Court for the railway company in an action under the Lever Act.

*Mr. Forney Johnston,* with whom *Mr. Henry Buist, Mr. George L. Buist, Mr. J. Harry Covington* and *Mr. James F. Wright* were on the brief, for plaintiffs in error.

*Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* was on the brief, for the United States.

Interest upon the amount found to be the value of property taken for a public use, pursuant to the Lever Act, can not be awarded against the United States.

Under the Constitution, when private property is taken for public use, no particular method for ascertaining the just compensation to which the owner is entitled is necessary. All that is required is that it be conducted in some fair and just manner with opportunity for the owner to present evidence and be heard. *Bauman* v. *Ross,* 167 U. S. 548; *United States* v. *Jones,* 109 U. S. 513.

Under the Lever Act, two methods were provided, and the property owner had his choice. First, the President was directed to ascertain and pay it. Second, if the owner was unwilling to accept the President's award, he could take 75 per cent of it and sue for the balance deemed by him to be proper in order to make the award adequate. But this suit must be in the courts which the United States had empowered to decide claims against it, and we think it is obvious that such a suit must be regarded as an action upon the contract which the United States had made in the act itself to pay just compensation.

When, therefore, the property owner declined to accept the President's award, and elected to sue, he must have realized that his suit would be subject to the delays incident to all litigation, and to the well-established principles governing such suits and the well-defined limitations which the United States had fixed with respect to its liability. One of these limitations which had become thoroughly well settled was that interest is never recoverable on claims against the Government, in the absence of a statutory enactment, or of an express contract for the payment thereof.

The jurisdiction granted to the District Courts under this section is to be exercised in accordance with the law governing the usual proceeding of the District Court in actions at law for money compensation. *United States* v. *Pfitsch,* 256 U. S. 547. The act itself makes no provision

for the payment of interest or for any special form of procedure or measure of damages, nor does it repeal or modify the provisions of §§ 1090 and 1091, Rev. Stats., relative to the allowance of interest on claims against the United States.

Interest, therefore, can not be allowed. *Tillson* v. *United States,* 100 U. S. 43; *Harvey* v. *United States,* 113 U. S. 243; *United States* v. *Bayard,* 127 U. S. 251; *United States* v. *North Carolina,* 136 U. S. 211; *United States* v. *North American Transportation & Trading Co.,* 253 U. S. 330. *United States* v. *Rogers,* 255 U. S. 163, and *United States* v. *Highsmith,* 255 U. S. 170, were both condemnation proceedings to acquire real estate for government uses and were regulated by the Act of August 1, 1888, 25 Stat. 357. Section 2 of this act provides that the practice, pleadings, forms and modes of proceedings in causes arising under the provisions of the act shall conform to the practice, pleadings, forms and proceedings existing at the time in like causes in the courts of record in the State within which such circuit or district courts are held. In fixing the compensation the District Court and the Circuit Court of Appeals in affirming the judgment followed the New Mexico statute fixing the rate of interest at 6 per cent. In doing this the Circuit Court of Appeals followed the provisions of the condemnation statute and also the decision in *United States* v. *Sargent,* 162 Fed. 81, wherein the laws of Minnesota were followed where land was appropriated in that State.

The *Sargent Case* also recognized as settled the immunity of the Government for the payment of interest on claims, but held that a proceeding instituted by the United States for the condemnation of land for public use is not one to collect an account or claim but an adversary proceeding instituted by the Government against landowners for the taking. In this connection attention is invited to a large number of so-called overflow cases instituted in the Court of Claims and the United States District Courts

under the provisions of the Tucker Act to recover just compensation for land taken by the United States as a result of overflow consequent upon the construction of locks and dams, starting with *United States* v. *Lynah,* 188 U. S. 445, and ending with *United States* v. *Cress,* 243 U. S. 316. It is to be noted that the only interest paid plaintiffs in the hundreds of suits decided during that period was the statutory interest at 4 per cent per annum allowed on judgments of the circuit and district courts (but not those of the Court of Claims) from the date of the rendition of same to the date of payment, as provided by § 10 of the Tucker Act, 24 Stat. 505.

MR. JUSTICE BUTLER delivered the opinion of the Court.

The plaintiff in error, the Seaboard Air Line Railway Company, was the owner of 2.6 acres of land at Charleston, South Carolina, adjoining the Charleston Port Terminal, subject to a mortgage to the Guaranty Trust Company and William C. Cox.[1] On May 23, 1919, the United States, under authority of § 10 of the Lever Act,[2] requisitioned and took possession of such land to provide storage facilities for supplies necessary to the support of the Army and other uses connected with the public defense.

The President, through the War Department Board of Appraisers, determined the compensation to be the sum

---

[1] For convenience, the railway company and mortgagees will be referred to herein as " the owner."

[2] Act of Congress approved August 10, 1917, c. 53, 40 Stat. 276:

" Sec. 10. That the President is authorized, from time to time, to requisition foods, feeds, fuels, and other supplies necessary to the support of the Army or the maintenance of the Navy, or any other public use connected with the common defense, and to requisition, or otherwise provide, storage facilities for such supplies; and he shall ascertain and pay a just compensation therefor. If the compensation so determined be not satisfactory to the person entitled to receive the same, such person shall be paid seventy-five per centum of the amount so determined by the President, and shall be entitled to sue

of $235.80, with interest thereon at the rate of six per cent. per annum from the date of the taking to the date of voucher for final payment. The amount was not satisfactory to the owner, and the United States was so notified. Demand was made for seventy-five per cent. of the award, but no part of the amount was paid. The owner sued to recover such further sum as, when added to such seventy-five per cent., would amount to just compensation for the property so taken.

The jury returned a verdict as follows:

" We, find that the fair and reasonable value which would constitute a just compensation to be paid for the taking for public purposes on 23 May, 1919, of the lands mentioned and described in the Petition, under the issue herein to be Six Thousand Dollars."

Judgment was entered for $6,000 with interest from May 23, 1919, at the rate of seven per cent. per annum (the statutory rate in South Carolina).

The United States objected to the interest allowed and took the case to the Circuit Court of Appeals, and that court reversed the judgment of the District Court and awarded a new trial, unless the owner file a remittitur abating all interest. The owner refused and brought the case here on writ of error.

Did the District Court err in allowing interest on the amount of the verdict?

---

the United States to recover such further sum as, added to said seventy-five per centum will make up such amount as will be just compensation for such necessaries or storage space, and jurisdiction is hereby conferred on the United States District Courts to hear and determine all such controversies: *Provided,* That nothing in this section, or in the section that follows, shall be construed to require any natural person to furnish to the Government any necessaries held by him and reasonably required for consumption or use by himself and dependents, nor shall any person, firm, corporation, or association be required to furnish to the Government any seed necessary for the seeding of land owned, leased, or cultivated by them."

The rule is that, in the absence of a stipulation to pay interest or a statute allowing it, none can be recovered against the United States upon unpaid accounts or claims. *United States* v. *Rogers,* 255 U. S. 163, 169; *United States* v. *North American Transportation & Trading Co.,* 253 U. S. 330; *United States* v. *North Carolina,* 136 U. S. 211, 216; *Angarica* v. *Bayard,* 127 U. S. 251, 260; *Harvey* v. *United States,* 113 U. S. 243.

Section 10 of the Lever Act authorizes the taking of property for the public use on payment of just compensation. There is no provision in respect of interest. Just compensation is provided for by the Constitution and the right to it cannot be taken away by statute. Its ascertainment is a judicial function. *Monongahela Navigation Co.* v. *United States,* 148 U. S. 312, 327.

The compensation to which the owner is entitled is the full and perfect equivalent of the property taken. *Monongahela Navigation Co.* v. *United States,* 148 U. S. 312, 327. It rests on equitable principles and it means substantially that the owner shall be put in as good position pecuniarily as he would have been if his property had not been taken. *United States* v. *Rogers* (C. C. A., Eighth Circuit), 257 Fed. 397, 400. He is entitled to the damages inflicted by the taking. *Northern Pacific Ry. Co.* v. *North American Telegraph Co.* (C. C. A., Eighth Circuit), 230 Fed. 347, 352, and cases there cited.

The United States in effect claims that the owner is entitled to no more than the value of the land, as of date of taking, to be paid at a later time, when ascertained. The owner has been deprived of the land and its use since the taking, May 23, 1919. The value of the property, as ascertained by the President, was $235.80, and this was allowed with interest from date of taking. But as judicially determined later, the value when taken was $6,000.

The owner's right does not depend on contract, express or implied. A promise to pay is not necessary. None is

alleged. This suit is a part of the authorized procedure initiated by the United States for the condemnation of the land. The owner was not satisfied with the amount fixed by the President and sued. A necessary condition of the taking is the ascertainment and payment of just compensation. *Monongahela Navigation Co. v. United States,* 148 U. S. 312, 337; *Searl v. School District, Lake County,* 133 U. S. 553, 562; *United States v. Jones,* 109 U. S. 513, 518, *et seq.; United States v. Sargent,* 162 Fed. 81, 83. It is not suggested in this case that the provisions of § 10 of the Lever Act do not meet the constitutional requirement. The only question here is whether payment at a subsequent date of the value of the land as of the date of taking possession is sufficient to constitute just compensation.

In support of its contention the Government cites *United States v. North American Transportation & Trading Co.,* 253 U. S. 330. That case does not sustain its contention. That was a suit in the Court of Claims based on an implied promise of the United States to pay for property appropriated by it. It was not a condemnation case. The distinction between that case and a condemnation case is pointed out in the opinion. It was there suggested, without so deciding, that in the case of condemnation of land, interest might be collected, even in the absence of state enactments allowing it adopted by the conformity provisions.

The case of *United States v. Rogers,* 255 U. S. 163, is a condemnation case, and it was held that the owner was entitled as a part of the just compensation to interest on the confirmed award of the commissioners from the time when the United States took possession. The land was situated in New Mexico, and the proceedings were had under the Conformity Act of August 1, 1888, c. 728, 25 Stat. 357. Interest was allowed, not by virtue of state statute, but as constituting a part of the just compensation safeguarded by the Constitution. Speaking for the

Court, Mr. Justice Day said: "Having taken the lands of the defendants in error, it was the duty of the Government to make just compensation as of the time when the owners were deprived of their property." (Citing *Monongahela Navigation Co.* v. *United States, supra,* 341).

It is obvious that the owner's right to just compensation cannot be made to depend upon state statutory provisions. The Constitution safeguards the right and § 10 of the Lever Act directs payment. The rule above referred to, that in the absence of agreement to pay or statute allowing it the United States will not be held liable for interest on unpaid accounts and claims, does not apply here. The requirement that " just compensation " shall be paid is comprehensive and includes all. elements and no specific command to include interest is necessary when interest or its equivalent is a part of such compensation. Where the United States condemns and takes possession of land before ascertaining or paying compensation, the owner is not limited to the value of the property at the time of the taking; he is entitled to such addition as will produce the full equivalent of that value paid contemporaneously with the taking. Interest at a proper rate is a good measure by which to ascertain the amount so to be added. The legal rate of interest, as established by the South Carolina statute was applied in this case. This was a " palpably fair and reasonable method of performing the indispensable condition to the exercise of the right of eminent domain, namely, of making ' just compensation ' for the land as it stands, at the time of taking." *United States* v. *Sargent* (C. C. A., Eighth Circuit), 162 Fed. 81, 84.

The addition of interest allowed by the District Court is necessary in order that the owner shall not suffer loss and shall have " just compensation " to which he is entitled.

*The decree of the Circuit Court of Appeals is reversed and that of the District Court is affirmed.*