## UNITED STATES v. JACOBS et al.
### No. 6567.

Circuit Court of Appeals, Fifth Circuit.
Feb. 13, 1933.

John B. Isbell, U. S. Atty., of Ft. Payne, Ala., R. M. Sims, Asst. U. S. Atty., of Florence, Ala., and Charles B. Rugg, Asst. Atty. Gen.

Alan S. Kelly and A. A. Kelly, both of South Pittsburg, Tenn., and Chas. C. Moore, of Chattanooga, Tenn., for appellees.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

The United States, for the purpose of improving navigation, constructed Widow's Bar dam across the Tennessee river. Appellees Jacobs and Gunter, claiming that the dam holds back flood waters which injure their lands located above it, brought separate suits under the Tucker Act (28 USCA § 41 (20), to recover compensation for the damage done. From an adverse judgment Jacobs appealed and secured a reversal, this court holding that on the facts found by the District Judge he was entitled to compensation. Jacobs v. United States (C. C. A.) 45 F.(2d) 34. Before the second trial the two cases were consolidated, and in each judgment was entered against the United States, including interest on the principal amount awarded as compensation from the date of the completion of the dam. The judgment in the Jacobs Case included also the costs of his former appeal. The only assignments of error relied on relate to the items of interest and costs of appeal.

The acts of Congress authorizing the construction of Widow's Bar dam (39 Stat. 399; 40 Stat. 1282) did not direct the appropriation of any particular property or authorize payment to be made for flowage rights. Those acts were considered in our former opinion in the Jacobs Case; it was recognized that no right of action existed under them, and held that recovery must be had if at all upon an implied contract. The opinion then proceeded to hold that flowage damage to privately owned property was contemplated by the government, and that the property of Jacobs was taken, not in the commission of a tort for which there would be no liability, but under an implied promise to pay for the resulting damage. 45 F.(2d) 34. In condemnation proceedings instituted by the government, interest is allowed from the date of the actual taking as a part of just compensation under the Fifth Amendment. United States v. Rogers, 255 U. S. 163, 41 S. Ct. 281, 65 L. Ed. 566. As a general rule however, except where otherwise provided by agreement or by the express words of a statute, interest is not recoverable in suits brought against the United States upon unpaid accounts or claims. Boston Sand Co. v. United States, 278 U. S. 41, 49 S. Ct. 52, 73 L. Ed. 170. And it is provided by statute that "no interest shall be allowed on any claim up to the time of the rendition of judgment by the Court of Claims, unless upon a contract expressly stipulating for the payment of interest," etc. Revised Statutes, § 1091; 28 USCA § 284. This statute applies equally to District Courts exercising jurisdiction under the Tucker Act "concurrent with the Court of Claims." 28 USCA § 41 (20). As the sovereign cannot be sued without its consent, it was competent for Congress in giving consent to suits against the United States upon private claims to impose the condition that such claims should not draw interest. Interest may not be collected "when the Government without instituting condemnation proceedings appropriates for a public use under legislative authority private property to which it asserts no title," because the property owner's only right to bring suit against it in the Court of Claims or in a District Court is not founded upon the Fifth Amendment but upon the existence of an implied promise or contract to pay the value of the property taken. United States v. North American Co., 253 U. S. 330, 40 S. Ct. 518, 64 L. Ed. 935. The just cited case is controlling on the question now under consideration. The suit there as here was held to be upon an implied contract. There is nothing in conflict with it in other Supreme Court decisions relied on by appellees. United States v. Rogers, supra, and Seaboard Air Line Ry. v. United States, 261 U. S. 299, 43 S. Ct. 354, 67 L. Ed. 664, were condemnation cases. In each the North American Case was referred to and distinguished on the ground that it was not a condemnation case. In United States v. Cress, 243 U. S. 316, 37 S. Ct. 380, 61 L. Ed. 746, in the course of the opinion, the statement was made that the judgments entered in the court below included interest; and those judgments were affirmed. But it was not stated that the interest ran from the date the property was taken; and for all that appears interest was

calculated only from the date of the judgment. In Hurley v. Kincaid, 285 U. S. 95, 52 S. Ct. 267, 76 L. Ed. 637, the question of interest was not considered.

[4] Costs, unless they are directly authorized by statute, are not taxable against the United States. United States v. Chemical Foundation, 272 U. S. 1, 20, 47 S. Ct. 1, 71 L. Ed. 131. Section 152 of the Judicial Code (28 USCA § 258) provides for the allowance of costs against the government, including, however, only the amounts actually incurred for witnesses and "fees paid to the clerk of the court." The costs referred to are those incurred in the trial court, and there is no provision for costs incurred in the appellate court. Our rule XXXI (4) provides that "no costs shall be allowed in this court for or against the United States." We think, therefore, that the trial court erred in entering judgment for the costs of this court on the former appeal in the Jacobs Case.

The judgments will have to be reversed, and new judgments entered for the damages already ascertained, with interest from the date thereof, and such costs in the District Court as are allowed by law. Accordingly, the judgments are reversed, and the cause remanded for further proceedings not inconsistent with this opinion.