Booth, Chief Justice,
delivered the opinion of the court:
A statement of the facts will disclose the nature of the case-now before the court on a so-called petition of Willard it. Cook & Company, Incorporated, against the United States.
On August 9, 1918, Willard K. Cook & Company filed in this court a petition claiming an additional sum as just compensation for the taking of described lands by the President under the act of June 15, 1917 (40 Stat. 207-208). The-pertinent provisions of that act are as follows:
“ Naval operating base, Hampton Koads, Virginia: The President is hereby authorized and empowered to take over for the United States the immediate possession and title, including all easements, rights-of-way, riparian and other rights appurtenant thereto, and including all the rights and properties of railway, electric light, power, telephone, telegraph, water, and sewer companies, of the tract of land known as the Jamestown Exposition site, on Hampton Koads, Virginia, and of such lands adjacent thereto as lie north of Ninety-ninth Street and Algonquin Street, the entire property being bounded on the north and west by Plampton Koads and Willoughby Bay, on the east by Boush Creek, and on the-south by Ninety-ninth and Algonquin Streets.
“ That if said lands and appurtenances and improvements thereof shall be taken over as aforesaid, the United States shall make just compensation therefor, to be determined by the President, and, if the amount thereof so determined by the President is unsatisfactory to the person entitled to receive the same, such person shall be paid seventy-five per centum of the amount so determined by the President and shall be entitled to sue the United States to recover such further sum as, added to said seventy-five per centum, will make up such amount as will be just compensation therefor, in the manner provided for by section twenty-four, paragraph twenty, and section one hundred and forty-five of the Judicial Code.
“ Upon the taking over of said property by the President as aforesaid, the title to all property so taken over shall immediately vest in the United States.”
To the petition the defendant filed a general traverse on October 9, 1918, and thereafter, on January 19, 1919, the taking of oral testimony began. The plaintiff introduced oral testimony from six witnesses, and added thereto a considerable volume of documentary proof. The defendant *710 elicited testimony from five witnesses and likewise introduced documentary proofs. The record was an exhaustive and voluminous one. On June 4, 1920, the parties argued and submitted the case, the plaintiff contending for a judgment for the sum of $102,849.83, predicated upon an alleged valuation of the lands taken of $165,564.83, from which sum should be deducted $62,715, previously paid to and accepted by the plaintiff, being seventy-five per centum of the award made by the President.
On June 28, 1920, the court filed its findings of fact and awarded the plaintiff a judgment for the sum of $44,102.89. Finding V and the conclusion of law following it read as follows:
FINDING V
“ The reasonable value of all property described in plaintiff’s petition, belonging to the plaintiff, and taken and appropriated by the Government as aforesaid, at the time of the said taking on June 28,1917, was $106,817.89. Deducting the sum of $62,715, heretofore paid to plaintiff, leaves a balance of $44,102.89 still due said plaintiff.
“ CONCLUSION OF LAW
“ Upon the foregoing findings of fact the court decides, as a conclusion of law, that the plaintiff is entitled to recover $44,102.89.
“ It is therefore adjudged and ordered that the plaintiff have and recover against the United States the sum of forty-four thousand one hundred and two dollars and eighty-nine cents ($44,102.89).”
On July 7, 1920, a transcript of said judgment was, at the verbal request of plaintiff’s attorney, mailed to the Secretary of the Treasury, and on March 1, 1921, Congress appropriated a sufficient sum to pay the same, and thereafter it was on March 5, 1921, paid to the plaintiff by Treasury warrant #16851. The plaintiff did not, under the rules of the court, file a motion for a new trial, and did not, as it then had a statutory right to do, apply to the Supreme Court for an appeal. No suggestion of error was ever made to this or any other court.
*711 On January 14, Í935, fourteen years six months and sixteen days after the final judgment of this court, and thirteen years ten months and nine days after the acceptance from the Treasury of the United States of a warrant in full satisfaction and payment of the judgment, the plaintiff files its so-called “ petition ” herein, alleging that said judgment and conclusion were “ wholly void, in that they deprive the plaintiff of its property for public use without just compensation ”, •contrary to the fifth amendment to the Constitution, coupling with the allegation the statement that it is the legal duty of this court to set aside said judgment, re-try this case, •and add to its former judgment interest at the rate of 6 per centum from the date said property was taken until paid.
On January 14, 1935, the defendant filed a motion to dismiss the petition. The case went to the law calendar and after oral argument was submitted on February 4,1935. We could, without further discussion, dismiss the petition, for manifestly the plaintiff has misconceived the law applicable to its present contention, and predicates an argument upon a long line of cases disclosing familiar and fundamental principles of law absolutely foreign and wholly inapposite to the claim now asserted.
The plaintiff in 1918 possessed a clearly defined course of legal procedure and a forum to which it could appeal to redress its alleged wrongs. The jurisdiction of this court was invoked by the plaintiff, and obviously it was not open to challenge. The original suit was tried upon its merits, the judgment awarded the plaintiff paid and accepted by it, without a suggestion of error, and to now assert at this late day that said judgment was void because it failed to allow interest, and the findings and conclusion of law of the court employed the term “ reasonable value ” instead of “ just compensation ”, is so closely analogous to the absurd that we deem it unnecessary to discuss it in detail. The plaintiff long since exhausted its legal remedies.
As a matter of law, this court in ordinary just compensation cases prior to the decision of the Supreme Court in the Seaboard Air Line case was of the opinion that under section 177 of the Judicial Code interest could not be included in the *712 judgment. The Seaboard Air Line case, 261 U. S. 299, was decided by the Supreme Court March 5, 1923, and since then this court has included interest. This decision is undoubtedly the motivating cause for the filing of the present petition.
The defendant’s motion to dismiss will be allowed and the petition is dismissed.
Whaley, Judge; Williams, Judge; Littleton, Judge; and GReen, Judge, concur.