### UNITED STATES v. HEITMAN et al.
Nos. 2611, 2694.

District Court, D. Nevada.

Dec. 17, 1940.

Miles N. Pike, U. S. Atty., of Reno, Nev., for plaintiff.

George L. Sanford, of Carson City, Nev., for defendants.

NORCROSS, District Judge.

Defendants' motions relate to judgments entered in pursuance of verdicts rendered by the trial jury determining the value of certain lands condemned by the plaintiff for use in connection with the Naval Ammunition Depot at Hawthorne.

The two cases were consolidated for trial. Judgments were entered on July 7, 1939. In case No. 2611, judgment was for the principal sum of $9,000, with interest on $6,000, thereof, from June 27, 1934, until paid. In case No. 2694, judgment was for the principal sum of $10,397.45, with interest thereon from July 14, 1938, until paid. In both cases the interest rate was fixed at 6 per centum per annum. On September 26, 1939, plaintiff deposited with the clerk of the court the sum of $18,971.47, which, with a prior deposit of $3,000, in case No. 2611, made a total of $21,971.47, for the purpose of paying the amounts of the two judgments, including interest. The amounts so deposited were not immediately delivered to defendants. On August 16, 1940, there was delivered to defendants the sum of $22,037.-53, as the amount claimed by plaintiff to be the total sum due upon said judgments, which was receipted for by defendants, subject to the right to question the correctness of the amounts.

It is the contention of counsel for defendants that they are entitled to interest on the principal amounts of the judgments until August 16, 1940, and on any deficiency existing on that date until paid. This contention is based on the fact that the amount deposited with the clerk in September 26, 1939, was not in full had payment been otherwise effected on that date and the further fact that the clerk of the court had received written notice from the office of the United States Attorney not to disburse any of the money so deposited until notified so to do by that office. There was an error made in the computation of interest to the time of the deposit on September 26, 1939, in an amount approximating $60. This amount, with accrued interest thereon from the latter date to the date when payments were receipted for on behalf of defendants, was included in the total sums so receipted for.

The questions here presented are governed by the provisions of § 258a, 40 U.S. C.A. That section, among other matters, provides: "* * * said compensation shall be ascertained and awarded in said proceeding and established by judgment therein, and the said judgment shall include, as part of the just compensation awarded, interest at the rate of 6 per centum per an-

num on the amount finally awarded as the value of the property as of the date of taking, from said date to the date of payment; but interest shall not be allowed on so much thereof as shall have been paid into the court. * * *

"Upon the application of the parties in interest, the court may order that the money deposited in the court, or any part thereof, be paid forthwith for or on account of the just compensation to be awarded in said proceeding. * * *"

It is clear from the provisions of the section quoted that the allowance of interest, as provided for therein, is intended "as a part of the just compensation awarded," as distinguished from interest as some fixed legal rate which may apply to judgments in general. United States v. Rogers, 255 U. S. 163, 41 S.Ct. 281, 65 L.Ed. 566; Id., 8 Cir., 257 F. 397. It also clearly appears therefrom that the amount of any deposits made with the clerk of the court on account of compensation which has been or may be allowed, is not subject to interest as a further compensation. It was for this reason that a deposit of $3,000, made in case No. 2611, at the time of instituting the suit cut off interest allowance on that amount. When the deposit was made on September 26, 1939, that deposit cut off any subsequent accruing of interest except as to the small amount occasioned by error in computation.

The fact that the office of the United States Attorney notified the clerk of the court not to disburse any of the money deposited until further notified by that office, does not affect the amount of interest to which defendants are entitled. Respecting any of the deposits made, defendants had the right, at any time thereafter, to petition the court for an order directing payment of the same. Plaintiff was under no obligation to see that the money deposited was properly distributed. United States v. Certain Lands in Rhode Island, C.C., 173 F. 676; United States v. Dunnington, 146 U.S. 338, 13 S.Ct. 79, 36 L.Ed. 996; City of St. Paul v. Certain Lands, 8 Cir., 48 F.2d 805; Coggeshall v. United States, 4 Cir., 95 F.2d 986.

It is clear that defendants have been paid in full the amount of judgments rendered, including interest. They are not entitled to further relief and a complete satisfaction of the judgments should be entered of record

It is so ordered.