**UNITED STATES v. 20.08 ACRES OF LAND IN HARMAR TP., ALLEGHENY COUNTY, PA., et al.**

No. 8047.

District Court, W. D. Pennsylvania.

June 17, 1941.

George Mashank, Acting U. S. Atty. of Pittsburgh, Pa., for plaintiff.

McCrady, McClure, Nicklas & Hirschfield, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

November 22, 1934, the United States filed in this court a petition for condemnation of certain land and also for an easement in other land owned by the McCrady-Rodgers Company.

May 9, 1935, an order of immediate possession was entered. This court appointed viewers to determine the value of the land and of the easement taken. The viewers filed their award. The Government took an appeal therefrom. An issue was awarded.

November 25, 1939, the jury returned a verdict in the sum of "$29,200.00 plus interest for four and one-half years, a total of $37,084.00." A judgment was entered in favor of the landowner on the same date, in accordance with the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The United States filed a motion for a new trial. For some reason which does not appear now, this motion was not argued until a considerable time thereafter. The motion was refused October 29, 1940. 35 F.Supp. 265. No appeal was taken by either party.

March 22, 1941, the Government paid into the Registry of this court the amount of the verdict and judgment, $37,084. The landowner, subsequently, filed a petition, wherein it prayed that a rule be granted upon the Government to show cause why it should not pay interest on the amount of the verdict and judgment, $37,084, from the date of rendition, November 25, 1939 to March 22, 1941, the date of payment into court. The Government filed an answer wherein it denied liability for the interest claimed. The question involved, therefore, is whether the landowner is entitled to the interest claimed.

In United States v. Rogers et al., 255 U.S. 163, 167, 168 and 169, 41 S.Ct. 281, 65 L.Ed. 566, the United States brought an action January 18, 1915, in the District Court of the United States for New Mexico, to condemn lands of the defendants. The petition prayed that the Court appoint commissioners to assess the damage for the appropriation, and that upon payment of the amount assessed, the lands be decreed to be the property of the United States from the date of the appropriation thereof. The award of the commissioners was filed February 3, 1917, and an order was entered July 27, 1917, directing that the sum awarded be deposited and distributed for the benefit of the owners. Subsequently, the owners made a motion for a supplemental order requiring the United States to deposit a sum equal to 6

per cent. interest on the award calculated from April 19, 1912, the time the lands were taken. The Court made the order prayed for. It also appears "that the allowance of interest was from the time of the actual taking of the land to the time deposit was made in payment for the same." An appeal was taken from the judgment of the District Court to the Circuit Court of Appeals, 8 Cir., 257 F. 397. The assignments of error in the latter court were: "(1) That the District Court erred in awarding interest against the United States from April 12, 1912, to date of deposit of the awards in court, for the reason that interest cannot properly be allowed in a condemnation case against the United States for any period prior to date of final judgment; (2) that the District Court erred in awarding interest against the United States from April 19, 1912, to date of deposit of awards in court, for the reason that interest cannot properly be allowed in a condemnation case against the United States for any period prior to date of the order of the court placing the United States in possession of the lands condemned; (3) that the District Court erred in awarding interest at the rate of 6 per cent. per annum against the United States from April 19, 1912, to date of deposit of awards in court, for the reason that there is no authority of law for allowing interest at said rate on judgments against the United States." The assignments of error in the Circuit Court of Appeals are the assignments that were considered in the Supreme Court, and the question involved, as stated in the opinion of the Supreme Court, came to this [255 U.S. 163, 41 S.Ct. 282, 65 L.Ed. 566]: "Was there error in awarding the owners interest on the value of their lands appropriated from the time of actual taking of the same until compensation was made?" In discussing said question, the Supreme Court stated, by Mr. Justice Day:

"It is unquestionably true that the United States upon claims made against it cannot, in the absence of a statute to that end, be subjected to the payment of interest. * * *

"Having taken the lands of the defendants in error, it was the duty of the government to make just compensation as of the time when the owners were deprived of their property."

The Supreme Court further stated: "* * * we agree with the courts below that the allowance of just compensa-

tion by giving interest from the time of taking until payment is a convenient and fair method of ascertaining the sum to which the owner of the land is entitled."

In Phelps v. United States, 274 U.S. 341, 343, 344, 47 S.Ct. 611, 612, 71 L.Ed. 1083, which was a case involving the taking of the use of private property by eminent domain, the Supreme Court, in an opinion by Mr. Justice Butler, stated that the landowner contends: "* * * that there should be added such sums as will produce the equivalent of the value of the use of the leased property paid contemporaneously, and that interest at a reasonable rate from the date of the use to the time of payment is a good measure of the amount to be added in order to make just compensation." In replying to this contention, the Supreme Court said: "The government's obligation is to put the owners in as good position pecuniarily as if the use of their property had not been taken. They are entitled to have the full equivalent of the value of such use at the time of the taking paid contemporaneously with the taking. As such payment has not been made, petitioner is entitled to the additional amount claimed."

See, also, Seaboard Air Line Ry. Co. et al. v. United States, 261 U.S. 299, 43 S.Ct. 354, 67 L.Ed. 664; Brown et al. v. United States, 263 U.S. 78, 44 S.Ct. 92, 68 L.Ed. 171; and Jacobs v. United States, 290 U.S. 13, 54 S.Ct. 26, 78 L.Ed. 142, 96 A.L.R. 1.

■ The constitutional provision providing for just compensation for private property taken for public use is not satisfied by depriving the owner of his land from the date of the verdict and judgment, November 25, 1939, to the date of the payment of the amount of the verdict and judgment into court, March 22, 1941, being a period of nearly sixteen months, and during the same time, depriving the landowner of his compensation therefor.

■ The legal rate of interest in Pennsylvania is 6 per cent. per annum, Pa.Act of May 28, 1858, P.L. 622, 41 P.S.Pa. §§ 3, 4. Where interest is recoverable in Federal Courts, the rate applicable is the rate allowed by law on judgments recovered in the courts of the state, R.S. Sec. 966, 28 U.S.C.A. § 811. This rule has been followed in condemnation cases. See United States v. Rogers et al., supra, and Seaboard Air Line Ry. Co. et al. v. United States, supra.

424

■ The verdict rendered by the jury November 25, 1939, could not include interest, as this question was not submitted to the jury, and there was no means of determining whether the verdict would be paid at once or not. The judgment entered on the same date was necessarily for the amount of the verdict. An order as to future interest is not affected by the expiration of the term of court in which the verdict and judgment were entered. Rule 6(c) of Rules of Civil Procedure provides: "The period of time provided for the doing of any act or the taking of any proceeding is not affected or limited by the expiration of a term of court. The expiration of a term of court in no way affects the power of a court to do any act or take any proceeding in any civil action which has been pending before it."

■ The jury, in its verdict, found the value of the land and easement taken was $29,200. The difference between said amount and the total verdict of $37,084 was allowed as damages for delay over a period of four and one-half years. The landowner should not be permitted to recover interest on the damages allowed for delay or as interest in the verdict for the reason that such an allowance would be the equivalent to the allowance of interest on interest. This is barred by law. The landowner, however, is entitled to recover damages as interest or for delay on the value of the land and easement taken, as found by the jury to be $29,200, from the date of the rendition of the judgment, November 25, 1939, to the date of the payment of said amount into court, March 22, 1941.

Let an order be prepared and submitted in accordance with the foregoing opinion.