**UNITED STATES v. 47.21 ACRES OF LAND, PARCEL NO. 5, et al.**

No. 296.

District Court, W. D. Kentucky, L. D.

Jan. 6, 1943.

Eli H. Brown, III, U. S. Atty., of Louisville, Ky., for plaintiff.

Doolan, Helm, Stites & Wood, of Louisville, Ky., for defendants.

MILLER, District Judge.

This proceeding to condemn real estate owned by the defendants was filed on May 16, 1941. Possession was taken by the Government under its declaration of taking filed at the same time. Due to unusual circumstances the award of the jury was greatly in excess of the amount paid into court under the declaration of taking, after taking credit for a lien claimed by the Government against the land being condemned. Following the jury's award judgment was entered on February 25, 1942, ordering the Government to deposit into the registry of the court the additional sum of $11,808.95. This judgment also provided that no motion and order of distribution of the amount to be deposited be made until there was a final determination in another action pending in the same court between the same parties in which the United States was seeking to establish and enforce a lien against the land which was being condemned. On June 18, 1942, the United States paid into court the sum of $11,808.95. On September 30, 1942, the landowners made written application to withdraw $9500 and distribution of that amount was ordered as of that date. On October 15, 1942, judgment was entered in the other action which gave the United States a lien against the land being condemned but in a much smaller amount than claimed. On November 7, 1942, the landowners, having satisfied the lien claim of the United States in other ways, made written application to withdraw the remaining portion of the award and an order was entered to that effect. On November 2, 1942, a supplemental judgment was entered ordering the United States to pay into court the sum of $773.48 representing 6% interest on the amount paid into court on June 18, 1942, from May 16, 1941, when possession was taken to June 18, 1942, the date of payment. The landowners have now moved for the entry of a supplemental judgment awarding them interest on the $11,808.95 paid in on June 18, 1942, from that date to its withdrawal by them pursuant to the two applications of September 30, 1942 and November 7, 1942.

■ The matter is controlled by the provisions of Section 258a, Title 40 U.S.C.A., which provide that 6% interest on the amount finally awarded shall be allowed from the date of taking to the date of payment, "but interest shall not be allowed on so much thereof as shall have been paid into the court;" that upon application by the party in interest the court "may order" paid to him all or part of the money so deposited. These provisions, coupled with the irrevocable commitment on the part of the Government to pay the ultimate award, satisfy the constitutional requirements of due process and just compensation. U.S.C.A. Const.Amend. 5. Section 258c, Title 40 U.S.C.A.; Hessel v. A. Smith & Co., D.C.E.D.Ill., 15 F.Supp. 953; City of Oakland v. United States, 9 Cir., 124 F.2d 959.

■ The landowners claim that the statute is not applicable in the present case because the judgment entered on February 25, 1942, provided that no distribution be made until a later time when the other litigation between the parties was finally determined. The record fails to disclose any objection upon the part of the landowners to this provision in the judgment. It further appears that this part of the judgment was not adhered to as the landowners made written application on September 30, 1942, for the withdrawal of $9500 and the court distributed that amount. No other application for the withdrawal of a portion of the money on deposit had been previously made by the landowners, and the application filed on September 30, 1942, was chiefly the result of repeated suggestions on the part of the District Attorney that the major portion of the amount on deposit be so distributed. The statute gives the court the discretion to impound part of the money on deposit, and if the court's order so doing in this case was objectionable, some objections should have been made thereto by the landowners or the matter brought up for reconsideration by another application for withdrawal of funds. The circumstances existing in this case in no way warrant the Court in departing from the plain provisions of the statute which expressly deny the additional interest herein sought. United States v. Heitman, D.C.Nev., 36 F.Supp. 126.

.. The defendants' motion for a supplemental judgment is overruled.