OLIVER et al. v. UNITED STATES.
No. 13174.

Circuit Court of Appeals, Eighth Circuit.
April 9, 1946.

Rehearing Denied April 30, 1946.

**74**

Richmond C. Coburn, of St. Louis, Mo. (Igoe, Carroll, Keefe & Coburn, of St. Louis, Mo., and Robert V. Niedner, of St. Charles, Mo., on the brief), for appellants.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo. (J. Edward Williams, Acting Head, Lands Division, of Washington, D. C., M. Walker Cooper, Sp. Asst. to U. S. Atty., and S. Russell Vandivort, Asst. U. S. Atty., both of St. Louis, Mo., and Roger P. Marquis and Wilma C. Martin, Attys., Department of Justice, both of Washington, D. C., on the brief), for appellee.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This is one of the numerous controversies growing out of the acquisition by the United States of a large tract of land near Weldon Springs in St. Charles County, Missouri, to be used as a location for a Government ordnance plant. The efforts of the War Department to purchase the land in the area selected for the ordnance plant, its acceptance of approximately 270 contracts from owners to convey their tracts to the United States for stipulated sums, and its unsuccessful attempt to repudiate all of the contracts of purchase which had not been fully executed on the conclusion that the contracts violated the statutory prohibition of a cost-plus-a-percentage-of-cost system of contracting in section 1 of the National De-

fense Act of July 2, 1940, 54 Stat. 712, 50 U.S.C.A.Appendix, § 1171, are detailed in the opinion of the District Court for the Eastern District of Missouri in United States v. Certain Land Situate in St. Charles County, Missouri, D. C., 46 F.Supp. 921; and in the opinions of this court in United States v. Muschany, 139 F.2d 661, and of the Supreme Court in Muschany v. United States, 324 U.S. 49, 65 S.Ct. 442.

This case involves one of the purchase contracts. Since the decision of the Supreme Court in Muschany v. United States, supra, the validity of contract is established. The sole question on this appeal is whether the owners of the land are entitled to recover interest in addition to the price stipulated in the purchase contract in a proceeding instituted by the United States, following its attempted repudiation of the contract, to acquire the land by condemnation. The contract was executed by the appellant landowners on the 24th day of December, 1940, and accepted on behalf of the United States by the authorized agent of the War Department on the following 28th day of December. The contract is entitled "Option to Purchase Land." It recites that for the consideration of $1.00 paid by the United States the owners agree to sell and convey to the United States for a consideration of $70,000 the land, together with the right of immediate occupancy and use of the land for any purpose whatsoever from and after acceptance by the United States of the purchase contract until such land is conveyed to the United States by the owners and title approved by the Attorney General of the United States and the agreed purchase price paid by the United States to the owners. The landowners agree to furnish the Government a good and merchantable title to the land, free of all liens and encumbrances and further that the Government may acquire the land by condemnation in the event the title offered by the landowners is not approved by the Attorney General. The paragraph with reference to condemnation is as follows:

"If for any reason the title to the land is not approved by the Attorney General, the Government will proceed to acquire the land by condemnation proceedings instituted in the District Court of the United States in which said property is located, under a consent verdict fixing the award at the agreed valuation and in accordance with all the terms and provisions of this option and will upon filing its petition in

such proceedings deposit said agreed purchase price with the clerk of said court, same to be disbursed by said officer pursuant to the decree entered in such condemnation proceedings."

After taking possession under the contract and following the conclusion that the purchase contract was void, the United States on June 6, 1941, instituted proceedings for condemnation of the land. On that date the United States filed its declaration of taking and deposited in the registry of the court $21,500 as estimated just compensation. On the same day an order was entered vesting title in the United States. The landowners filed an answer, setting up the purchase contract, insisting upon its validity, and requesting the court to fix the award for the land at the sum stipulated in the contract with interest at six per cent per annum from the date of the acceptance of the contract by the Government. Perhaps because the parties were awaiting final decision in the Muschany case as to the validity of the purchase contract there brought in question, which was identical with the contract involved in the present case so far as material to the question here, nothing more was done until after the decision of the Supreme Court in that case came down on February 5, 1945. 324 U.S. 49, 65 S.Ct. 442. On April 6, 1945, the United States filed a motion in the condemnation proceedings, reciting that the validity of the purchase contract had been sustained by the Supreme Court in the Muschany case, and asking an order of the District Court directing the United States to pay into the registry of the court the difference between the sum of $21,500 theretofore deposited as estimated compensation and the price stipulated in the purchase contract and for judgment in condemnation in accordance with the contract. To this motion the landowners filed a response, consenting to judgment in condemnation in favor of the United States for the price stipulated in the purchase contract, plus interest thereon from the date of acceptance of the contract by the Government until the deposit of the estimated compensation made with the declaration of taking in the condemnation proceedings on June 6, 1941, and with interest at six per cent thereafter on the difference ($48,500) between the amount deposited with the declaration of taking and the price stipulated in the purchase contract. On May 14, 1945, the trial court entered a judgment sustaining the motion of the United States and denying interest. The landowners appeal.

The right of an owner to just compensation for his land taken by the United States is guaranteed by the Constitution. Just compensation is the fair value of the land paid contemporaneously with its taking. Where the taking precedes the payment of fair value, the owner is deprived of the use of the land or of the use of its equivalent in money for the time between the taking and payment. In such cases, in order that the owner shall not suffer loss and shall receive the just compensation guaranteed him by the Constitution, he is entitled to interest upon the fair value of the land from the date of the taking until payment. United States v. Rogers, 255 U.S. 163, 169, 41 S.Ct. 281, 65 L.Ed. 566; Seaboard Air Line R. Co. v. United States, 261 U.S. 299, 305-306, 43 S.Ct. 354, 67 L.Ed. 664. This constitutional right of the owner whose property is taken is recognized in the Act under which the condemnation in this case proceeded. The statutory provision is that just compensation "shall be ascertained and awarded in said proceeding and established by judgment therein, and the said judgment shall include, as part of the just compensation awarded, interest at the rate of 6 per centum per annum on the amount finally awarded as the value of the property as of the date of taking, from said date to the date of payment; but interest shall not be allowed on so much thereof as shall have been paid into the court." 40 U.S.C.A. § 258a.

Contracts between the Government and a landowner made in contemplation of acquisition of land by condemnation, fixing the value of the land for that purpose, are valid. Danforth v. United States, 308 U.S. 271, 282, 60 S.Ct. 231, 84 L.Ed. 240; Bank of Edenton v. United States, 4 Cir., 152 F.2d 251, 254. Plainly, where after such a contract the United States acquires possession of the land in the contemplated condemnation proceedings and fails to make payment of the agreed value contemporaneously with the taking, interest must be allowed the owner from the date of taking until payment in order that the constitutional requirement of just compensation may be satisfied. Conversely, where the payment of the agreed value and the taking in the condemnation proceedings are contemporaneous, interest is not allowable. Nothing more is held in the Danforth case. It must also be true that where, as in the

present case, the agency of the Government acquiring the land for the United States is authorized to acquire it by purchase, contracts made by it on behalf of the United States with the landowners may validly fix the net amount to be received by the landowner from the United States for the taking of the land either by purchase or by condemnation. In such a contract the parties may bind themselves to a consideration which may be either greater or less than just compensation in the constitutional sense. That this was the effect of the contract in question here we have no doubt. By it, the United States acquired the possession and the use of the land until title vested in it by the payment of the stipulated purchase price. See Muschany v. United States, supra, 324 U.S. p. 62, 65 S.Ct. 449.

■ In the present case the United States having repudiated its purchase contract, the landowners could have accepted this repudiation and in the condemnation proceedings recovered, as a part of just compensation, interest at the statutory rate upon the amount awarded them in excess of the amount paid into the registry of the court at the time of the declaration of taking. They were, however, within their rights in insisting upon the validity of the purchase contract and upon its controlling effect upon the question of the compensation to be received by them, as they did throughout these proceedings. Having taken this position, their right to recover interest upon the sum stipulated in the purchase contract depends upon the interpretation of that contract which, of course, must be considered in its entirety. The landowners are not entitled to insist upon provisions of the contract favorable to them while rejecting others which are unfavorable.

■ There is no provision in the contract for the payment of interest on the stipulated consideration, nor does the contract fix a time within which payment is required. Delay in the payment of the agreed compensation for the time necessary to clear title by condemnation or otherwise is clearly implied. The purchase price stipulated in the contract is not merely the agreed fair value of the land made in contemplation of its acquisition by the United States through condemnation, but the agreed consideration to be paid the landowners by the United States for both the

land and its exclusive possession and use from the effective date of the purchase contract until payment by the United States. The purchase price stipulated in the contract may be fairly regarded, at the very least, as the agreed equivalent of just compensation for the taking of the land by condemnation or by purchase. By their successful defense of the validity of the purchase contract, the landowners converted the condemnation proceedings from an ordinary adversary proceeding into one controlled, as to the amount of their recovery, by the terms of the purchase contract. They may not complain that the resulting award to them was, in the words of the contract on which they rely, "in accordance with all the terms and provisions of this option."

The fact that the United States did not proceed with condemnation proceedings as contemplated by the purchase contract, but under the mistaken belief that the contract was void, can not justify the award of interest not required by the contract. In the absence of a statute or an express contract providing for it, interest can not be added to an obligation of the United States. United States v. North Carolina, 136 U.S. 211, 10 S.Ct. 920, 34 L.Ed. 336; United States v. Rogers, supra, 255 U.S. 163 at page 169, 41 S.Ct. 281, 65 L.Ed. 566; Seaboard Air Line R. Co. v. United States, supra, 261 U.S. 299 at page 304, 43 S.Ct. 354, 67 L.Ed. 664. The allowance of interest upon the consideration stipulated in the purchase contract would be tantamount to awarding interest against the United States by way of damages for delay in the payment of an obligation. " * * * interest does not run upon claims against the Government even though there has been default in the payment of the principal." Smyth v. United States, 302 U.S. 329, 353, 58 S.Ct. 248, 252, 82 L.Ed. 294, 114 A.L.R. 807.

We have not overlooked the decision in United States v. Baugh, 5 Cir., 149 F.2d 190. We think that case may be distinguished from this on the ground that the contract there involved was interpreted by the court as fixing only the fair value of the land for the purpose of a condemnation then proceeding. If, however, this distinction is not warranted, we are unable to follow the decision in the Baugh case.

The judgment of the District Court is affirmed.