## COMPARET v. UNITED STATES.

### No. 3534.

Circuit Court of Appeals, Tenth Circuit.

Dec. 3, 1947.

Wm. Hedges Robinson, Jr. (of Shuteran, Robinson & Harrington), of Denver Colo., for appellant.

Jason D. Lee, of Washington, D. C. (A. Devitt Vanech, Asst. Atty. Gen., Max M. Bulkeley, U. S. Atty., of Wray, Colo., and Roger P. Marquis, of Washington, D. C., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The sole question presented by this appeal is whether the fair market value of appellant's property, taken by the Government under right of eminent domain, should have been determined as of June 15, 1942, the date on which the Government took and acquired title to the property, or as of the date of trial in the condemnation proceedings.

Acting under authority of the Condemnation Act of August 1, 1888, 25 Stat. 357, 40 U.S.C.A. § 257 and the Second War Powers Act of March 27, 1942, 56 Stat. 177, 50 U.S.C.A. 171a, the United States on June 15, 1942 filed a petition to condemn certain lands in Adams County, Colorado, for the Rocky Mountain Arsenal, 156.36 acres of which were owned by appellant, and an order of immediate possession was entered the same day. On November 30, the United States deposited the sum of $13,445.43 with the Clerk of the Court, as estimated just compensation under its declaration of taking and on December 5, the court decreed title in the United States.

The estimated compensation, tendered by the Government, was not satisfactory to appellant and on June 20, 1945, trial was commenced to determine "just compensation" for the tract of land. At the conclusion of trial, the court instructed the jury that it should "value the land taken by the Government, according to its actual fair market value on the 15th day of June, 1942, which was the date upon which the United States acquired title to the property".

■ Although all of appellant's testimony in the trial pertained to the 1942 land values, and no objection was made to the court's instruction, she now contends on appeal that it was an erroneous statement of the law and she was entitled to have the jury determine the fair market value of her land as of the date of trial. In support of this contention appellant cites many Colorado cases holding that the present market value of land means market value at the time of trial, and invokes the statutory rule that condemnation proceedings in a Federal court "shall conform, as near as may be, to the practice, pleadings, forms and proceedings" afforded by the law of the state in which the court sits. 40 U.S.C.A. § 258. But, this statute is procedural only. It does not, and could not, "affect questions of substantive right,—such as the measure of compensation,—grounded upon the Constitution of the United States". United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 283, 87 L.Ed. 336, 147 A.L.R. 55. See also United States v. 13,255.53 Acres of Land, 3 Cir., 158 F.2d 874; United States v. Kansas City, 10 Cir., 159 F.2d 125.

■ When on June 15, 1942 the petition of condemnation was filed and an order of immediate possession entered, appellant was deprived of her property and the United States had the right of possession. Estimated compensation was thereafter tendered into court and an order vesting title in the United States was entered—nothing more was required other than a judicial proceedings to determine whether the sum tendered by the United States was "just compensation" as that term is used in the Fifth Amendment. When the Government acquired possession in 1942 there was a "taking" of appellant's property for public use; compensation therefor was then due and payable, and under the Federal rule of decisions its fair market value should be determined as of that date. Olson v. United States, 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236; Brooks-Scanlon Corp. v. United States, 265 U.S. 106, 44 S.Ct. 471, 68 L.Ed. 934; Seaboard Air Line Ry. v. United States, 261 U.S. 299, 43 S.Ct. 354, 67 L.Ed. 664; United States v. Rogers, 255 U.S. 163, 41 S.Ct. 281, 65 L.Ed. 566; 11,000 Acres of Land v. United States, 5 Cir., 152 F.2d 566; Lewis Eminent Domain, 3d Ed., Section 705, p. 1220.

■ Moreover, since no objections were made to the crucial instruction of the court until after the verdict of the jury, the complaint comes too late for cognizance on appeal. Federal Rules of Civil Procedure, rule 51, 28 U.S.C.A. following section 723c; Krug v. Mutual Ben. Health & Accident Ass'n, 8 Cir., 120 F.2d 296; Hupp Motor Car Corporation v. Wadsworth, 6 Cir., 113 F.2d 827; Standard Oil Co. v. Burleson, 5 Cir., 117 F.2d 412; Baltimore & O. R. R. v. Corbin, 73 App.D.C. 124, 118 F.2d 9.

The judgment is affirmed.