Ob. writ of certiorari (340 U. S. 873) to review a judgment of the Court of Claims holding that certain Indian tribes (plaintiffs) under the Special Jurisdictional Act (41 Stat. 801) were entitled to a judgment, including interest, as compensation for lands taken in 1855.
On April 9,1951, the judgment of the Court of Claims was reversed by the Supreme Court in an opinion per curiam on the ground that the Special Jurisdictional Act contains no provision authorizing an award of interest.
The opinion of the Supreme Court is as follows:
The facts leading to this controversy are fully set forth in United States v. Alcea Band of Tillamooks, 329 U. S. 40, where this Court affirmed a judgment of *654 the Court of'Claims that certain named Indian tribes “are entitled' to recover” compensation for the taking of original Indian title by the United States in 1855. The amount of recovery was reserved expressly for the further proceedings which are before the Court in this case. ' After the affirmance, the Court of Claims heard evidence on the amount of recovery and entered a judgment for the value of the lands as of 1855 plus interest from that date. We granted certiorari limited to the question presented by the award of interest. 340 U. S. 873.
It is the “traditional rule” that the interest on claims against the United States cannot be recovered in the absence of an express provision to the contrary in the relevant statute or contract. 28 U. S. C. (Supp. III), § 2516 (a). United States v. Thayer-West Point Hotel Co., 329 U. S. 585, 588, and cases cited'therein. This rule precludes an award of interest even though a statute should direct an award of “just compensation” for a particular taking. United States v. Goltra, 312 U. S. 203. The only exception arises when the taking entitles the claimant to just compensation under the Fifth Amendment. Only in such cases does the award of compensation include interest. Seaboard Airline R. Co. v. United States, 261 U. S. 299; United States v. Thayer-West Point Hotel Co., sufra.
Looking to the former opinions .in this case, we find that none of them expressed the view that recovery was grounded on a taking -under the Fifth Amendment. And, since the applicable Jurisdictional Act, 41 Stat. 801, contains no provision authorizing an award of interest, such award must be reversed.
Mr. Justice Jackson took no part'in the consideration or decision of this case.