UNITED STATES v. 17,280 ACRES OF
LAND, MORE OR LESS, SITUATE IN
SAUNDERS COUNTY, NEB., et al.

No. 138.

District Court, D. Nebraska,
Lincoln Division.

Nov. 10, 1944.

See, also, 47 F.Supp. 267.

Joseph T. Votava, U. S. Atty., and A. Z. Donato, Sp. Atty., Department of Justice, both of Omaha, Neb., and William M. Whelan, Sp. Atty., Department of Justice, of Hastings, Neb., for petitioner.

E. B. Perry and Robert VanPelt, of Perry, VanPelt and Marti, all of Lincoln, Neb., and M. O. Cunningham, of Omaha, Neb., for respondents.

DELEHANT, District Judge.

A single question is submitted to the court for determination; and that is the extent to which interest shall be included in the final judgment in this action, by which the petitioner has acquired real estate as the site for a defense plant. The question concerns twenty-six of the condemned tracts, the just compensation for whose taking was determined by the verdict of a jury in a single trial. Upon the return of the verdict, judgment upon it was announced, and the present problem arises in the course of the preparation of the formal judgment.

This action was instituted on November 27, 1941, and upon the trial of the case before the jury it was agreed between the petitioner and the respondents that that was the date of taking. Declarations of taking were filed and deposits of the estimated just compensation were made in

746

respect of the several tracts, under the provisions of Title 40 U.S.C.A. § 258a, on various dates between January 9, 1942, and February 16, 1942, both inclusive. Upon the trial, the jury's verdict as to the just compensation for each tract exceeded in some measure the estimated and deposited just compensation for the tract.

The parties agree that interest, in its ordinary sense, is not allowable against the United States except in those instances where either it is pledged by contract, or provision for it is made by statute. Tillson v. United States, 100 U.S. 43, 25 L.Ed. 543; Smyth v. United States, 302 U.S. 329, 58 S.Ct. 248, 89 L.Ed. 294, 114 A.L.R. 807. But they are equally in agreement that, even apart from the provisions of Title 40 U.S.C.A. § 258a, interest from the date of taking upon the fair market value of lands taken by the United States in the exercise of its right of eminent domain is to be allowed as an element of that just compensation to which the owner is entitled under the Fifth Amendment to the Constitution of the United States. Such allowance had received judicial sanction before the enactment in 1931 of Title 40 U.S.C.A. § 258a. United States v. Rogers, 255 U.S. 163, 41 S.Ct. 281, 65 L.Ed. 566; Seaboard Air Line Ry. Co. v. United States, 261 U.S. 299, 43 S.Ct. 354, 67 L.Ed. 664; United States v. Sargent, 8 Cir., 162 F. 81. And it has been approved since that date. United States v. 1,997.66 Acres of Land, 8 Cir., 137 F.2d 8; United States v. Certain Lands, D.C.Mo., 41 F.Supp. 809; United States v. 6.87 Acres of Land, D. C.N.Y., 52 F.Supp. 594.

Several considerations repel the suggestion that the language respecting interest in the Declaration of Taking Act, Title 40 U.S.C.A. § 258a, should be construed to intercept the allowance of interest upon the entire determined value of the condemned land from the date of its taking to some later date on which in connection with each tract a declaration of taking was filed and the estimated just compensation for the taking was deposited. In the first place, the practice of allowing interest from the date of taking rests upon the Constitution as interpreted by the Supreme Court. The Declaration of Taking Act should be construed, if it be possible, in harmony with, rather than as attempt to

alter, the settled construction of a constitutional right. Then, Title 40 U.S.C.A. § 258a, does not assume to erect a complete condemnation procedure. It provides, rather, a supplemental and optional course, United States v. 1,997.66 Acres of Land, 8 Cir., 137 F.2d 8; United States v. 76,800 Acres of Land, D.C.Ga., 44 F.Supp. 653; United States v. 17,280 Acres of Land, D.C.Neb., 47 F.Supp. 267, whereby, if it be so advised, the United States as petitioner may "with the petition or at any time before judgment" file in the condemnation case a declaration of taking including, inter alia, "a statement of the sum of money estimated * * * to be just compensation for the land taken," accompanied by a deposit of that sum of money in the registry. Whereupon, by virtue of the cited section, "title to the said lands in fee simple absolute, or such less estate or interest therein as is specified in said declaration, shall vest in the United States of America, and said lands shall be deemed to be condemned and taken for the use of the United States, and the right to just compensation for the same shall vest in the persons entitled thereto; and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein, and the said judgment shall include, as a part of the just compensation awarded, interest at the rate of 6 per centum per annum on the amount finally awarded as the value of the property as of the date of taking, from said date to the date of payment; but interest shall not be allowed on so much thereof as shall have been paid into court." The objectives of this permissive procedure include, perhaps with others, the ready availability to the condemnee of the estimated just compensation for the taking of his land, and the absolution of the United States from liability for interest on that portion of the ultimately determined value of the land which is represented by the deposited estimate. The United States may also effect, by the employment of that device, the immediate transfer to it of title; but in the pending emergency of war it may, equally at its option, secure from the court on the institution of its suit an order for the immediate possession of the property and thus effectively oust its owner from its enjoyment and accomplish its immediate taking, either before the filing of a declaration of taking, or without ever filing such a declaration, Title 50 U.S.C.A. § 171.

Condemnation proceedings for the purpose prompting this case were prosecuted to final issue after the taking of possession of the condemned lands by the United States before the enactment of Title 40 U.S.C.A. § 258a; and they may still be so prosecuted without any, or in some instances with a tardy, resort to its procedure. Though generally employed, it is not a necessary procedural step.

Title 40 U.S.C.A. § 258a, expressly directs that when it is utilized interest shall be allowed on the amount finally awarded as the value of the property as of the date of taking from said date to date of payment. Its only limitation upon that direction is that interest shall not be allowed on so much of the award as shall have been paid into court. But, justly and reasonably construed, that provision may be allowed to intercept interest on the deposit, only from and after its date and not from an earlier date of actual taking. Interpreted otherwise, in the light of the optional employment by the United States of the declaration of taking device, its use might be deferred until the very eve of final judgment with the consequence that the condemnee's right to interest from the date of taking of his property could be substantially nullified. Such an application of the statute can not be allowed as even possible, and was never intended.

Here the actual date of taking was agreed to be November 27, 1941. Abstaining from any ruling that the date resolved upon was necessarily the legally correct date of taking, the court will not go behind that agreement, particularly since it operated upon the trial to restrict the respondents in their evidence upon value and to deny to them the benefit of a notoriously appreciating valuation structure for farm lands. For all purposes of the trial, including the judgment on the verdict, November 27, 1941, will remain the date of taking.

So the judgment against the petitioner in the case of each tract will be for the sum of (a) the amount by which the verdict in respect of that tract exceeds the deposited estimate of just compensation for its taking, and (b) interest at the rate of six per cent per annum on the entire verdict in respect of that tract from November 27, 1941, to the date of the actual deposit of the estimated just compensation for that tract; and the judgment

regarding each tract will provide for interest at the same rate from the date of the deposit of the estimated just compensation for its taking to date of payment of the judgment upon that portion only of the judgment representing the excess of the verdict over the deposit touching it.

Of course, the formal judgment will also contain all of the other provisions appropriate to a final judgment in a case of this character. What is here said has application only to the elements that will enter into its allowance of further recovery in money incident to each tract against the petitioner, and especially to the award of interest (a) before, and (b) after, the filing of the relevant declaration of taking and the making of the deposit therewith.

Let the judgment in harmony with this ruling be prepared and submitted promptly by counsel for the petitioner.