**UNITED STATES of America,**
**Plaintiff,**

v.

**106.64 ACRES OF LAND, MORE OR LESS, Situated IN the COUNTY OF CHERRY, STATE OF NEBRASKA, et al., Defendants.**

**Civ. No. 01652.**

United States District Court
D. Nebraska.

Feb. 28, 1967.

Richard L. Edgerton, Asst. U. S. Atty., Omaha, Neb., for plaintiff.

Murl M. Maupin, North Platte, Neb., William B. Quigley, and William S. Dill, Valentine, Neb., for defendants.

## MEMORANDUM

VAN PELT, District Judge.

This case is a condemnation action brought by the government in connection with the construction of the Ainsworth Canal by the Bureau of Reclamation. The case initially involved only those parcels of land not subject to the Canal Act of 1890, 43 U.S.C.A. § 945. That act reserved a right of way to the United States for ditches or canals constructed by the authority of the United States. The owners of such Canal Act land were entitled to just compensation from the Secretary of the Interior, pursuant to the Act of September 2, 1964, 78 Stat. 808, but had no right to have the courts make a determination of the amount of just compensation.

Subsequent to the filing of this action, and after the court stopped the first trial and suggested to counsel the advisability of congressional action, Congress en-

acted a law which amended the provision above referred to authorizing the Secretary of the Interior to pay just compensation. This amendment conferred jurisdiction on the United States district courts for the determination of just compensation for Canal Act land:

"Notwithstanding the existence of any reservation of right-of-way to the United States for canals under section 945 of this title, or any State statute, the Secretary of the Interior shall pay just compensation, including severance damages, to the owners of private land utilized for ditches or canals in connection with any reclamation project, or any unit or any division of a reclamation project, provided the construction of said ditches or canals commenced after January 1, 1961, and such compensation shall be paid notwithstanding the execution of any agreements or any judgments entered in any condemnation proceeding, prior to September 2, 1964." 43 U.S.C.A. § 945a.

"Jurisdiction of an action brought by the United States or the landowner for the determination of just compensation pursuant to section 945a of this title is hereby conferred on the United States district court in the district in which any such land is situated, without limitation to the amount of compensation sought by such suit. The procedure for such an action shall be governed by the Federal Rules of Civil Procedure for the condemnation of real and personal property." 43 U.S.C.A. § 945b.

Jurisdiction having thus been conferred on this court, the complaint in this action was amended to include determination of the amount of just compensation to be paid the defendants under the provisions of 43 U.S.C.A. § 945a for takings on land which in the first trial was described as Canal Act land. The amendment to the complaint also provided that the easement exercised in the Canal Act land by the United States may be considered in conjunction with the fee estate acquired in the non-Canal Act tracts taken, as if the parcels constituted but one tract of real estate and that a total ownership may be treated as comprising both Canal Act and non-Canal Act real estate.

The case then came on for trial to a jury and substantial verdicts were returned for the landowners. For purposes of the jury's determination of just compensation, no distinction was made between Canal Act and non-Canal Act land. In fact no mention was made to the jury of these terms. The verdict of the jury did not include interest. This matter, by stipulation of the parties, was to be determined by the court. The parties agree that interest is allowable on that part of the judgment applicable to the non-Canal Act land. The question before the court is whether to allow interest on that portion of the verdict and judgment for the Canal Act lands.

The Fifth Amendment provides that private property shall not be taken for public use without just compensation. It has long been the rule in this court that "interest from the date of taking upon the fair market value of lands taken by the United States *in the exercise of its right of eminent domain* is to be allowed as an element of that just compensation to which the owner is entitled *under the Fifth Amendment * * *.*" United States v. 17,280 Acres of Land, 57 F.Supp. 745 (D.C.Neb.1949) (emphasis added). If a constitutional right to just compensation exists, the right to interest, of course, exists apart from any statute. Thus, the lack of an express provision for interest in a statute authorizing compensation will not justify the disallowance of interest where a Fifth Amendment right is involved. Seaboard Air Line Ry. Co. v. United States, 261 U.S. 299, 304, 43 S.Ct. 354, 67 L.Ed. 664 (1923). This rule of law is applicable, however, only where a right of just compensation under the Fifth Amendment is involved.

No constitutional right to just compensation arises when an easement is exercised pursuant to 43 U.S.C.A. § 945. The sole right to compensation in this instance arises from the statutory au-

thorization of 43 U.S.C.A. § 945a. This statute did not repeal the Canal Act of 1890, and did not in any way affect the Government's reservation of a right-of-way as set forth in Section 945. There being no constitutional right to just compensation for Canal Act lands, the right to interest, if any, on such awards must exist by reason of statute.

■ In determining whether a right to just compensation includes a right to interest the United States Supreme Court has recognized a distinction based upon whether such right was derived from the Fifth Amendment to the Constitution on the one hand, or from statute or contract, on the other.

> "It is the 'traditional rule' that interest on claims against the United States cannot be recovered in the absence of an express provision to the contrary in the relevant statute or contract. * * * This rule precludes an award of interest even though a statute should direct an award of 'just compensation' for a particular taking. * * * The only exception arises when the taking entitles the claimant to just compensation under the Fifth Amendment. Only in such cases does the award of compensation include interest." United States v. Alcea Band of Tillamooks, 341 U.S. 48, 49, 71 S.Ct. 552, 95 L.Ed. 738 (1951).

The Court has clearly indicated that the requirement of an "express provision" will preclude an award of interest on the basis of legislative intent not expressly stated. In United States v. New York Rayon, 329 U.S. 654, 658, 67 S.Ct. 601, 91 L.Ed. 577 (1947) the Court held:

> "[T]here can be no consent by implication or by use of ambiguous language. Nor can an intent on the part of the framers of a statute or contract to permit the recovery of interest suffice where the intent is not translated into affirmative statutory or contractual terms. The consent necessary to waive the traditional immunity must be express, and it must be strictly construed."

This court has found one case where interest was allowed even though just compensation could not have been recovered except for a special act of Congress. See United States v. Klamath Indians, 304 U.S. 119, 58 S.Ct. 799, 82 L.Ed. 1219 (1938). In that case, however, the statute directed the court to determine the claim for just compensation under the Constitution. Id. 120–21, 125–26, 58 S.Ct. 799. The allowance of interest is required where just compensation under the Constitution is involved. United States v. 17,280 Acres of Land, supra.

■■ Counsel for defendants argue that it is significant that the cases in which the Supreme Court holds that interest will not be allowed absent express statutory authority were initiated in the Court of Claims. That court in awarding interest is governed by 28 U.S.C.A. § 2516, which states, in essence, that in the absence of an express contract or an act of Congress, interest will not be allowed on a claim against the United States. It is clear, however, that 28 U.S.C.A. § 2516 is merely a codification of the common law. See United States v. Goltra, 312 U.S. 203, 207, 61 S.Ct. 487, 85 L.Ed. 776 (1941). See also, United States v. Seaboard Air Line Ry. Co., 280 F. 349 (4th Cir. 1922) rev'd on other grounds, 261 U.S. 299, 43 S.Ct. 354, 67 L.Ed. 664. Thus, the rule which applies to the Court of Claims by statute also applies to the United States district courts by judicial decision. Since 43 U.S.C.A. § 945a does not include a provision for interest, it follows that interest cannot by allowed on that part of the judgment applicable to Canal Act lands.

■ The court must next determine what percentage of each verdict represents the just compensation for the appropriation of the non-Canal Act tracts of land. Interest, subject to the provisions of 40 U.S.C.A. § 258a, must be rendered for this part of the judgment. The court concludes that the fairest formula for ascertaining this percentage is to determine what percentage of each tract is comprised of non-Canal Act land.

This percent will then be multiplied by the verdict for the corresponding tract in order to determine the amount of each verdict representing compensation for non-Canal Act land. Interest will then be allowed on this sum after an appropriate deduction is made for sums paid into court for the non-Canal Act lands in accordance with 40 U.S.C.A. § 258a.

Counsel for plaintiff will submit the order or orders in accordance with this memorandum, allowing the counsel for landowners sufficient time to check the percentages which represent the amount of non-Canal Act land in each tract.