**UNITED STATES of America, Plaintiff,**

v.

**59.95 ACRES OF LAND, MORE OR LESS, IN the COUNTY OF SHASTA, STATE OF CALIFORNIA; Charles T. Alford and June E. Alford, et al., Defendants.**

**Civ. No. 9201.**

United States District Court
E. D. California.

May 8, 1969.

Paul E. Locke, Special Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Carr & Kennedy, Laurence W. Carr and Daniel S. Frost, Redding, Cal., for defendants.

MEMORANDUM AND ORDER

HALBERT, District Judge.

This is a condemnation action brought by the United States Government. At the conclusion of trial, plaintiff moved for disallowance of interest on the award of just compensation for easements exercised by plaintiff pursuant to Title 43 U.S.C. § 945, the Canal Act of August 30, 1890.[1] The motion was denied, and the Court ruled that defendants, Charles T. Alford and June E. Alford, were entitled to interest therefor. Plaintiff has now moved the Court for reconsideration of that order.

Plaintiff relies wholly on United States v. 106.64 Acres of Land, etc., State of Nebraska, D.C., 264 F.Supp. 199, which appears to be the only case to have decided the precise question presented here. Although defendants' memorandum in opposition ably and persuasively explores what seems, at first blush, to be the single weakness in that decision—the failure to adequately consider the legislative history of Title 43 U.S.C. § 945a—I am of the view that the conclusion reached by Judge Van Pelt remains entirely sound. In fact, it appears that consideration of the legisla-

---

1. The provision for compensation over which the instant dispute has arisen is found in Title 43 U.S.C. § 945a.

tive history of § 945a is not only unnecessary, but improper.

 In United States v. New York Rayon Importing Co., 329 U.S. 654, at pages 658 and 659, 67 S.Ct. 601, 91 L.Ed. 577, the Supreme Court stated what it characterized as the "traditional rule regarding the immunity of the United States from liability for interest on unpaid accounts or claims":

> * * * [I]n the absence of constitutional requirements, interest can be recovered against the United States only if *express consent* to such a recovery has been given by Congress.[2] (Emphasis added.)

Such consent cannot be granted by implication, by ambiguous terms, or by a construction of Congressional intent where such intent is not affirmatively manifested by the statute in question (See: United States v. New York Rayon Importing Co., *supra*). Clearly, these standards articulated by the Supreme Court do not contemplate judicial inquiry into the legislative history of a statute for the purpose of divining the unexpressed consent of Congress to an assessment of interest against the United States.

 Confining my consideration, as I must, to the face of the statute, I find that the provision for "just compensation" contained in § 945a falls short of the express consent required to authorize payment of interest on that part of the judgment apportionable to the Canal Act tracts (See: United States v. 106.64 Acres of Land, etc., State of Nebraska, D.C., 264 F.Supp. 199, 202, quoting from United States ·v. Alcea Band of Tillamooks, 341 U.S. 48, at 49, 71 S.Ct. 552, 95 L.Ed. 738).[3]

2. There are no constitutional requirements here, since the claim is statutory only. Judge Van Pelt discusses the point in detail at 264 F.Supp. 201–202.

3. I recognize that what I am now saying is contrary to my original ruling, but this is the way plaintiff is entitled to have it. I can only repeat what I said in United States v. 364.82 Acres of Land (Horace

It is, therefore, ordered that plaintiff's motion to set aside the prior order of this Court granting interest on the claims in question be, and the same is, hereby granted.

Meyer, defendant), D.C., 38 F.R.D. 411, 415 where I said "Wise men seldom change their minds, but fools never do." In that previous case the plaintiff here lost, while it wins in this case. What I do is done in an effort to follow the law. I admit that I am not infallible, and I am quite willing to recognize an error when it is pointed out to me.