T. IRVING FULKS and IDA K. FULKS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fulks v. Commissioner
Docket No. 13112-87.
United States Tax Court
T.C. Memo 1989-190; 1989 Tax Ct. Memo LEXIS 186; 57 T.C.M. (CCH) 242; T.C.M. (RIA) 89190; April 26, 1989. R. Edwin Brown, for the petitioners. Sandra M. Gilmore, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined *187 a deficiency of $ 5,078 in petitioners' Federal income tax and an addition to tax of $ 1,270 for substantial understatement of liability under section 6661 [1] for taxable year 1984. After concessions, the issues for decision are: (1) whether prejudgment interest awarded to petitioners in a 1984 condemnation proceeding is ordinary income under section 61(a)(4), (2) whether, if the interest is ordinary income, any part of attorney's fees incurred in connection with the condemnation proceeding may be allocated to, and deducted from, interest rather than from the condemnation proceeds, and (3) whether petitioners are subject to an addition to tax under section 6661. All of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. [2]
*188 Petitioners resided at 212 South Frederick Avenue, Gaithersburg, Maryland, when they filed their petition. They filed a timely joint Federal income tax return for taxable year 1984. Utilizing its quick-take authority, the Maryland State Highway Administration (MSHA) filed a notice of advance taking of a portion of the frontage of petitioners' residence in Gaithersburg, Maryland, on June 5, 1980, in the Circuit Court for Montgomery County, Maryland. Concurrently, MSHA deposited $ 4,900 in the Registry of the Court as its estimate of the value of the property taken and damages to the remainder. On June 1, 1981, MSHA filed a Condemnation Petition in the Circuit Court for Montgomery County against petitioners. After trial, the jury determined the value of the land taken and damages to the remainder to be $ 29,643. On October 17, 1984, the court entered a judgment in favor of petitioners for $ 37,708, constituting the jury award and "interest in the amount of Twelve thousand, nine hundred sixty-five dollars ($ 12,965.00)." Petitioners incurred legal fees of $ 12,699 in connection with the condemnation proceeding. Pursuant to the judgment, on December 11, 1984, MSHA paid petitioners *189 $ 38,100.58 calculated as follows: Jury award 10/16/84
$ 29,643.00
Less: Amount paid into the Registry of
the Court 6/5/80
4,900.00
Condemnation award deficiency MSHA owed
to petitioners after trial
24,743.00
Plus: Interest at 12% per annum on $ 24,743
from 6/5/80 to 10/16/84
12,965.00
$ 37,708.00
Plus: Interest at 10% per annum on $ 37,708
from 10/16/84 to 11/23/84
392,58
$ 38,100.58
The Internal Revenue Service began its audit of petitioners' 1984 return on July 15, 1986. In October 1986, petitioners filed an amended return for 1984, reporting and paying the tax on postjudgment interest of $ 392.58. In his notice of deficiency, dated February 18, 1987, respondent determined that petitioners had $ 13,358 of unreported interest income on the delayed condemnation award. [3]
Under section 61(a)(4), interest is included in gross income. Petitioners contend that, under Maryland law, prejudgment interest awarded in a quick-take *190 condemnation is not interest, but is just compensation, measured by the going rate of interest. Respondent does not challenge petitioners' claim that the interest was part of the just compensation to which petitioners were entitled under Maryland law. See King v. State Roads Com'n of St. Hwy. Admin.,298 Md. 80, 467 A.2d 1032, 1035 (1983). Instead, respondent argues that State law does not control the income tax consequences of the receipt of interest, and that interest received as part of the condemnation award is properly taxable as ordinary income, not as gain from the sale of property. We agree. In resolving Federal tax disputes, we are not bound by labels or classifications affixed for State property law purposes. While State law may control as to the extent of petitioners' legal rights to the compensation award, it does not control as to the characterization of the award or its components for Federal income tax purposes. United States v. Mitchell,403 U.S. 190, 197 (1971); E. R. Hitchcock Co. v. United States,514 F.2d 484, 485 (2d Cir. 1975). It is well settled that interest paid to compensate the property owner for delay *191 in payment of a condemnation award is taxable as ordinary income to the recipient even though it is considered part of just compensation under State law. Kieselbach v. Commissioner,317 U.S. 399, 403 (1943); Tiefenbrunn v. Commissioner,74 T.C. 1566, 1571 (1980); Ferreira v. Commissioner,57 T.C. 866, 871 (1972). In Kieselbach, the Supreme Court stated: The sum paid these taxpayers above the award * * * was paid because of the failure to put the award in the taxpayers' hands on the day * * * when the property was taken. This additional payment was necessary to give the owner the full equivalent of the value of the property at the time it was taken. Whether one calls it interest on the value or payments to meet the constitutional requirement of just compensation * * * is immaterial. It is income * * * paid to the taxpayers in lieu of what they might have earned on the sum found to be the value of the property on the day the property was taken. * * * While without their payment, just compensation would not be received by the vendor, it does not follow that the additional payments are part of the sale price * * *. The just *192 compensation constitutionally required is not the same thing as the sale price of a capital asset. [317 U.S. at 403-404; citations omitted; footnote ref. omitted.] Petitioners' attempt to distinguish Kieselbach on the basis of differences in language between the New York statutory provision involved therein and the Maryland statutory provision involved in this case is without merit. [4] Similarly, petitioners' reliance on cases dealing with the constitutional right of condemnees to an award of interest as an element of just compensation is misplaced. See, e.g., Seaboard Airline Railway Co. v. United States,261 U.S. 299, 306 (1923) (Federal constitutional right to receive interest from the date of taking to the date of payment affords full just compensation). Those cases have no bearing on the issue before us; the issue of whether interest on a condemnation award is constitutionally required is separate and distinct from the ultimate Federal tax treatment of that interest. *193 As an alternative argument, petitioners contend that they only received $ 8,643 of ordinary income, since the $ 12,965 interest award should be reduced by a prorated amount of the attorney's fees. We disagree. A property owner's expenses in connection with a condemnation, incurred to increase the award for the loss of property, are capital expenditures. Mosby v. Commissioner,86 T.C. 190, 196-197 (1986); Casalina Corp. v. Commissioner,60 T.C. 694, 703 (1973), affd. per curiam without published opinion 511 F.2d 1162 (4th Cir. 1975). Petitioners' attorney's fees were for services in connection with obtaining the jury award. Interest on the jury award accrued as a matter of right so that it cannot be said that the attorney's services made any direct contribution to the interest element.[5] Thus, there is no basis for allocating any amount of the fee to the collection of interest. [6]Petit v. Commissioner,8 T.C. 228, 236-237 (1947). Therefore, the attorney's fees in this case were capital expenses deductible solely from the jury award. [7]Casalina v. Commissioner, supra at 703; Petit v. Commissioner, supra. *194 We now turn to the section 6661 issue. There is no question that petitioners substantially understated their income *195 tax. [8] Although petitioners argue that they acted on advice of counsel, such advice does not constitute substantial authority, under section 1.6661-3(b)(2), Income Tax Regs., particularly in this case where not only have petitioners not offered any substantial authority in support of their position herein but the fact of the matter is that there is substantial authority contrary to their positions. [9] See also sec. 1.6661-3(b)(3), Income Tax Regs.
Petitioners assert that the addition to tax should be at the rate *196 of 10 percent instead of 25 percent, since the audit and deficiency calculations were substantially completed before the enactment of the Tax Reform Act of 1986. At the time the notice of deficiency was sent on February 18, 1987, the proper rate of the addition to tax under section 6661 was 25 percent under the Omnibus Budget Reconciliation Act of 1986 which superseded the Tax Reform Act of 1986 on this issue. Pallottini v. Commissioner,90 T.C. 498 (1988). Petitioners' allegations that respondent deliberately delayed issuing the notice of deficiency until after the increase in the addition are irrelevant, even if true. Any delay would not reduce the rate applicable herein. Woods v. Commissioner,91 T.C. 88, 94 n.8 (1988). Decision will be entered under Rule 155.
[10]
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. Petitioners objected, on the grounds of relevancy, to certain stipulated documents. They did not pursue these objections on brief and we, therefore, consider them abandoned; we note, however, that the objections are, in any case, without merit.↩
3. Since petitioners do not contend that the $ 392.58 amount of post-judgment interest should not constitute ordinary income, the amount in issue is $ 12,965.↩
4. Although, as we have pointed out, State law labels are not controlling in determining the character of an item for Federal income tax purposes, it is interesting to note that the Maryland courts have utilized almost identical language to that of the Supreme Court in stating that prejudgment interest in quick-take condemnations "is designed to pay the condemnee the 'time value' of the money he should have received for his property on the day it was taken." King v. State Roads Com'n of St. Hwy. Admin.,298 Md. 80, 467 A.2d 1032, 1035 (1983); City of Baltimore v. Kelso Corp.,294 Md. 267, 449 A.2d 406, 408↩ (1982).
5. See Marcus v. Commissioner,T. C. Memo. 1964-206. See also King v. State Roads Com'n of St. Hwy. Admin.,298 Md. 80, 467 A.2d 1032, 1035 (1983); Md. Real Prop. Code Ann. sec. 12-106(c)↩ (1988). 6. Petitioners refer on brief to the terms of their written arrangement with their attorney. This agreement is not in evidence. In any event, it would not have caused us to change our conclusion. ↩
7. Respondent has made no claim of a taxable gain in 1984. His deficiency notice deducted legal fees ($ 12,699) from the jury award ($ 29,743), leaving the amount remaining ($ 17,044) less than the agreed basis of the remaining portion of the property ($ 22,500). Nor is any adjustment required to petitioners' 1984 income because petitioners did not report the gain resulting from their calculation, apparently because they elected to treat the gain as nontaxable under section 121, although they did not attach an election to do so to their 1984 return as required by section 1.121-4(b), Income Tax Regs.↩
8. The deficiency determined by respondent was $ 5,078 since the additional payment which petitioners made with their amended return is not taken into account because the return was filed after the audit began. Sec. 1.6661-2(d)(2), Income Tax Regs.↩ Consequently, the amount of the understatement satisfies the statutory requirement of substantiality. Sec. 6661(b)(1)(A). 9. We also dismiss petitioners' contention that they were guided by the "substantial authority" of Rev. Rul. 68-37, 1968-1 C.B. 359↩. This ruling deals with the proper basis adjustments to be made for severance damages in a condemnation case and is irrelevant to the issue in this case.
10. Since the deficiency notice included the $ 392.58 in the determination of additional interest income and did not give petitioners credit for the amount of $ 148.53 additional tax paid at the time of filing of the amended return, a Rule 155 computation is necessary.↩